RUDOLPH FISCHER, Appellant, *v.* GEORGE H. MAHLAND, Respondent. (Action No. 1.)

Second Department, March 26, 1920.

Guaranty — original agreement to repay loans made to another — promise of surety not subsidiary to primary obligation — pleadings — defenses to suit against surety.

Where the plaintiff's assignor advanced moneys to a corporation in reliance upon the defendant's request that the advances should be made either with or without security and the defendant in consideration of such advances covenanted and agreed in writing that all advances will be repaid at the maturity of the indebtedness and jointly and severally assumed a joint and several liability with the corporation to whom the advances were made for the repayment of any and all such advances, the assumption of liability to remain in force until terminated by notice in writing, there was an assumption of liability by the obligors as a party to the primary undertaking and not, strictly, a guaranty which is collateral, secondary and subsidiary to the principal's obligation. But, although the defendant became a co-obligor he is still a surety.

Hence, when sued on such obligation, it is a good defense for the defendant to allege that the guaranty was superseded by a new agreement which canceled the same; that the plaintiff's assignor extended the debtor's time for a consideration, without notice to, or knowledge of, the defendant; that there was a failure to give notice of such extension and also a failure to give notice of non-payment of the sums which became due, with a counterclaim, and that on a certain date before an increase of the loans the defendant notified the plaintiff's assignors that he terminated his guaranty.

However, it is not a good defense to allege the plaintiff's omission to collect the claims when due and laches in enforcing collection or to allege repayment by the principal of the moneys guaranteed by the defendant without specifying whether they were the same moneys as are sued for.

APPEAL by the plaintiff, Rudolph Fischer, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of November, 1919, overruling plaintiff's demurrers to six separate defenses, one being also a counterclaim.

The complaint was for $8,265.65. It set out that plaintiff's assignors, the firm of Knauth, Nachod & Kuhne, had advanced $25,000 (against which the Interboro Brewing Company had repaid $16,734.35) in reliance upon the defendant's agreement

Second Department, March, 1920.      [Vol. 191.

of April 16, 1915, as follows: " Please make advances from time to time to and for the account of the Interboro Brewing Co., Inc. Company, of No. 960 Franklin Avenue, Borough of Brooklyn, New York, N. Y., either with or without security. In consideration of such advances, we, the undersigned, do hereby covenant and agree that all such advances will be duly repaid at the maturity of the indebtedness; and to that end, we do hereby jointly and severally assume a joint and several liability with said Company for the repayment of any and all advances made by you to or for the account of said Company, together with all interest and commissions and other charges due or to become due to you from said Company on account of such advances or on account of any security that you may accept for the repayment thereof. This assumption of liability shall remain in force until terminated by notice in writing."

The answer, after denials, raised several defenses, which may be summarized as follows:.

(1) That the paper guaranteeing payment of moneys loaned by plaintiff's assignor, sued on, had been superseded by a new and different arrangement that canceled the original agreement. (2) That plaintiff's assignor extended the debtor's time for a consideration, without notice to, or knowledge of this defendant. (3) Failure to give notice of such extension, given for a consideration, also omission of notice of non-payment of the sums as they became due, with a counterclaim for $8,265.65. (4) Omission to collect claims when due, and laches in enforcing collection. (5) Repayment by the Interboro Company of all moneys that defendant guaranteed, without, however, specifying whether they are the same sums as are sued for. (6) On April 16, 1915, before increase of loans, that defendant notified plaintiff's assignor that he terminated his guaranty.

Plaintiff demurred to all the above for insufficiency, also in respect to the third, in that it did not state facts to constitute a counterclaim. These demurrers were overruled.

*Eugene Cohen,* for the appellant.

*William Pinkney Hamilton, Jr.,* for the respondent.

PUTNAM, J.:

This demurrer calls on us to pass on the legal effect of the paper in suit. Its terms, especially the signer's joint and several liability in conjunction with the brewing company, so plainly assumed, make the obligation original and direct as of a party to the primary undertaking. Hence it is not strictly a guaranty which must be collateral, secondary and subsidiary to another's obligation. But though defendant took on himself the place of a co-obliger, still he may be a surety. The foundation of this liability is advances to and for account of the brewing company, which as beneficiary of such a mercantile agreement is the principal debtor. As on the face of the paper defendant is securing advances to be made to another, we cannot at this stage of the cause overrule defenses available to one thus known to, and accepted by, plaintiff's assignor, as a surety.

Hence the defenses numbered 1, 2, 3 and 6 are not insufficient in law on the face thereof. The 4th, however, charging the creditor merely with indulgence and laches, is bad. (*Wilson* v. *Whitmore*, 92 Hun, 466; *sub nom. Wilson* v. *Webber*, 157 N. Y. 693.) Because the 5th, raising a defense of repayment, does not show that all moneys the repayment of which this defendant guaranteed are those sued for, it must also be held insufficient.

Hence the order appealed from should be affirmed as to the demurrer to the defenses numbered 1, 2, 3 and 6, but reversed and demurrer sustained as to the 4th and 5th defenses, with leave within twenty days to amend the answer. As so modified, the order should be affirmed, but without costs of this appeal to either party.

MILLS, RICH, BLACKMAR and JAYCOX, JJ., concur.

Order affirmed as to the demurrer to the defenses numbered 1, 2, 3 and 6, but reversed and demurrer sustained as to the 4th and 5th defenses, with leave within twenty days to amend the answer. As so modified the order is affirmed, without costs of this appeal to either party.