LOUIS H. PINK, Superintendent of Insurance of the State of New York, Plaintiff, *v.* INVESTORS SYNDICATE TITLE AND GUARANTY COMPANY, Defendant.

Third Department, January 15, 1936.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* and *Robert N. Rose, Counsel to State Insurance Department,* of counsel], for the plaintiff.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* of counsel], for the defendant.

HEFFERNAN, J. This controversy arises out of an agreed and submitted statement of facts and involves a question of statutory construction.

The question for determination is: May defendant continue to sell in this State its trusteed participation certificate, designated in the record as " Exhibit D," notwithstanding the provisions of chapter 920 of the Laws of 1935?

Defendant is a domestic corporation, organized under article 5 of the Insurance Law (§ 170 *et seq.*) on April 23, 1928, under the name of Commercial Title and Guaranty Company, which name was later and on June 10, 1930, changed to that which it now bears. Defendant is also qualified to do business, and has heretofore engaged actively in business in the State of Iowa. Defendant's stock is substantially owned by a parent company, Investors Syndicate of Minneapolis, Minn.

From June 10, 1930, to May 15, 1935, defendant was engaged in this State, under the supervision and examination of the State Superintendent of Insurance, in the issuance and sale of its certificates, a copy of one of which is labeled " Exhibit B " in the record. These certificates contained, among others, the following covenants: " This is to certify that in consideration of the payment to Investors Syndicate Title & Guaranty Company.............. of $............ annually in advance over a period of fifteen years from the date hereof ........... hereinafter called the Subscriber, becomes the owner in accordance with the terms hereof, when and as said payments are made, of an Undivided Interest in bonds or notes secured by first mortgages or first deeds of trust........ "

Further: " Each such bond or note secured by mortgage or trust deed at the time of transfer to, and deposit with the Trustee shall be accompanied by a Guaranty Policy of the Company guaranteeing the Payment of both principal and interest thereof."

And further under " Rights, Terms and Conditions:"

" 1. Guaranty. The Company guarantees to the participating Subscriber that the earnings upon his Undivided Interest shall be at least five and three-quarters per centum at each anniversary hereof, on the basis of annual payments made in advance.

" 2. Additional Guaranty. The Company guarantees that the notes secured by first mortgages or first trust deeds deposited with the Trustee shall have the unqualified endorsement of Investors Syndicate of Minnesota as to both principal and interest."

And further: " 11. (B) Cash Settlement at Maturity. Upon maturity and assignment of this Certificate to the Company, the Company shall liquidate the Undivided Interest of the Subscriber in the Trusteed Securities and pay the proceeds thereof to the

Subscriber, and the Company unconditionally guarantees to the Subscriber that the amount of cash received by him on the basis of $114 annual payments, or its equivalent as specified in Section 3 shall not be less than $2,500.00 plus any *pro rata* excess earnings credited to his Undivided Interest."

Defendant sold the certificates upon an installment payment plan and invested the proceeds in bonds or notes secured by first mortgages upon real property which were deposited in trust. The certificates were issued and sold in conformity with the provisions of a certain trust indenture described in such certificates. These certificates represented undivided interests in the pool of bonds and mortgages or all the bonds and mortgages in the trust. The mortgages were substantially all self-amortizing in that the mortgagors made monthly payments of principal and interest. The mortgages in which defendant invested, which it deposited with the trustee and in which it sold undivided interests to the public, were upon private homes averaging in principal amount less than $7,000 each.

Upon the enactment of chapter 920 of the Laws of 1935 defendant ceased the sale of these certificates and has not since then sold any such instruments containing a covenant to guarantee bonds, notes or other evidences of indebtedness secured by mortgages upon real property.

By the provisions of chapter 920 of the Laws of 1935, a corporation organized under the laws of this State is forbidden to " engage in the business of guaranteeing the performance of any contract in respect to bonds, notes and other evidences of indebtedness secured by a mortgage or mortgages upon real property."

In its preamble and as part of this statute the Legislature declared the existence of an emergency as to certain corporations engaged in the business of guaranteeing payment of mortgages on real property because of their failure to perform their obligations. It is conceded that defendant at all times has been solvent and in good standing and consequently no emergency existed as to it.

After chapter 920 of the Laws of 1935 became effective defendant commenced the issuance and sale of its trusteed participation certificate known as " Exhibit D."

The certificate formerly sold by defendant, being " Exhibit B," contained in plain and unambiguous language an agreement to guarantee mortgages as to principal and interest. The defendant also, in its trust indenture, agreed to guarantee mortgages and to deliver to the trustee with each original promissory note secured by mortgage or trust deed, a guaranty policy, issued by defendant, guaranteeing payment of both principal and interest.

No such agreement of guaranty is contained in the certificate now sold by defendant. In the new certificate defendant simply undertakes to repurchase the undivided interest of the certificate holder under certain conditions. The language of this certificate discloses that it is a sale of an undivided interest in certain bonds or notes secured by mortgages deposited or to be deposited with the trustee. The purchaser of the certificate agrees to pay for the same or for his undivided interest over a period of years in monthly installment payments. The defendant agrees under certain conditions that upon demand by the owner and holder of the certificate and the surrender of the certificate to it, that defendant will repurchase at certain specified prices the undivided interest of the certificate holder. The sum which defendant contracts and agrees to pay to the certificate holder for his undivided interest is specific in amount and bears no relation whatever as to its minimum to the then value of the bonds, notes or the mortgages securing the same deposited with the trustee. The contractual obligation of the defendant to pay to the certificate holder at his option, upon surrender of the certificate in accordance with its provisions, a specified sum of money, is specific and distinct and is enforcible against the defendant, and the defendant must respond out of its assets wholly independent of the value of the bonds or mortgages held in trust by the trust company.

Plaintiff contends that the unconditional agreement of defendant to repurchase its certificate at various times and under various conditions contravenes the provisions of the statute in question. Defendant asserts that the sale of such certificate is not in violation of law.

The repurchase agreement contained in " Exhibit D " is completely divorced from any guarantee of payment. A guaranty is basically defined to be a promise to answer for the debt, default or miscarriage of another. This definition substantially conforms to the judicial conception of a guaranty, which may fairly be summed up as a promise to answer for the payment of some debt or the performance of some obligation, on default of such payment or performance, by a third person who is liable or expected to become liable therefor in the first instance. Being a collateral engagement for the performance of an undertaking of another, it imports the existence of two different obligations, one being that of the principal debtor and the other that of the guarantor. The debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation. The guaranty is a separate and independent contract, involving duties and imposing responsibilities very different from those created by the original contract to which it is col-

lateral. If there is but a single obligation, the persons bound thereby are sureties or original promisors; they are not guarantors. (12 R. C. L. 1053, 1054.)

To guarantee the performance of a contract obviously is a secondary act. To constitute a guaranty there must be a contract imposing upon a party a primary obligation as to its performance, followed by a secondary contract guaranteeing the performance by the party to be bound by the contractual obligations contained in the original contract. (*Gallagher* v. *Nichols*, 60 N. Y. 438; *Fischer* v. *Mahland, No. 1*, 191 App. Div. 209; 28 C. J. 886.) The primary obligation of one of the parties to a bilateral contract to perform the conditions or covenants thereof upon his part to be performed cannot be construed as a guaranty.

The covenant of the defendant in the case before us is to purchase, not to guarantee; to pay and not to repay. The defendant simply undertakes to purchase the interest of the certificate holder at his election within a certain period and to pay therefor a definite amount. There is no agreement that the mortgagor in whose mortgage the certificate holder has an undivided interest, will pay the interest or principal of the mortgages or that defendant will guarantee the payment thereof. The agreement is not to restore or make good upon the failure of another, but to purchase property or an interest therein from the certificate holder. This undertaking is vastly different from the set-up interdicted by the statute under consideration (Laws of 1935, chap. 920) which prohibits a corporation from guaranteeing " the performance of any contract in respect to bonds, notes and other evidences of indebtedness secured by a mortgage or mortgages upon real property." (*Delaware Trust Co.* v. *Calm*, 195 N. Y. 231.)

It seems clear to us that defendant's certificate is a valid contract for the sale of an interest in realty with an obligation to repurchase on certain conditions and as such plainly distinguishable from a guaranty of the mortgage or interest thereon.

Judgment is, therefore, directed in favor of defendant, without costs, in accordance with the stipulation of the parties.

McNAMEE and CRAPSER, JJ., concur; BLISS, J., concurs in the result; HILL, P. J., dissents, upon the ground that the agreement by the defendant is tantamount to a guaranty and is prohibited by chapter 920 of the Laws of 1935.

Judgment rendered in favor of the defendant, without costs.