MARBURT HOLDING CORP., Appellant, *v.* PICTO CORP., Respondent, and HARRY BRANDT, Intervenor-Respondent.

First Department, May 13, 1958.

*Clarence S. Barasch* of counsel (*Emil Leepson* and *Charles Rubman* with him on the brief; *Clarence S. Barasch,* attorney), for appellant.

*Morris Gutt* of counsel (*Milton C. Weisman* with him on the brief; *Weisman, Celler, Allan, Spett & Sheinberg,* attorneys), for respondents.

*Thomas J. Kelleher* of counsel (*Harold J. Treanor,* attorney), for Real Estate Board of New York, Inc., *amicus curiæ.*

BOTEIN, P. J.   Petitioner-landlord appeals by leave of this court from a determination of the Appellate Term which reversed a final order and judgment of the Municipal Court. The Municipal Court had awarded possession of the Mayfair Theater to the landlord for failure of the tenant to pay rent.

The lease was executed between the Mayfair Building, Inc., the present landlord's predecessor in interest, and Picto Corp. as tenant, on October 1, 1956 for a term of slightly less than eight years, at a rental of $3,000 per week.   Brandt, the intervenor-defendant-respondent, executed a personal guaranty of the lease, guaranteeing full performance of all its covenants, conditions and agreements, but with the proviso that "the aggregate liability of the undersigned hereunder is limited to $50,000.00." Brandt is president of the tenant Picto Corp.

In June, 1957 the tenant defaulted in the payment of two weekly rent installments.   Brandt thereupon tendered his own personal check for $6,000, accompanied by a letter stating that "all payments made by me shall be in discharge of the guaranty indebtedness."   The landlord refused this tender and commenced summary proceedings to dispossess for nonpayment of rent against Picto Corp., in which proceedings Brandt intervened.

The Appellate Term held that the guaranty instrument constituted a primary obligation, so that the tender of rent by the guarantor was the equivalent of performance by the tenant.

However, there was no relationship of landlord and tenant between Marburt Holding Corp. and Brandt (*Ruppert Realty Corp.*, v. *Bank of the United States,* 156 Misc. 93, affd. 249 App. Div. 721, affd. 276 N. Y. 629; *Stern* v. *Equitable Trust Co.,* 238 N. Y. 267). And under his agreement of guaranty, Brandt was not a primary or joint obligor but assumed a secondary liability which accrued only upon default by the principal (*Pink* v. *Investors Syndicate Tit. & Guar. Co.,* 246 App. Div. 172, 176; *Fischer* v. *Mahland,* 191 App. Div. 209). "A guaranty in its technical and legal sense has relation to some other contract or obligation with reference to which it is a collateral undertaking; it is a secondary and not a primary obligation." (38 C. J. S., Guaranty, p. 1130.)

Brandt could not, by tender of a sum equivalent to the rent, compel the landlord to treat with him as if he were the tenant. The guaranty did not give him an option to extend the tenant's occupancy after its default, and coincidentally to exhaust the limits of his liability. Rather, the option inured to the landlord alone. Upon termination of the tenancy by reason of the tenant's default, the landlord could, if it chose, look to Brandt as guarantor to make good any financial loss up to $50,000 which it may have suffered as a result of the tenant's default.

If the guarantor could be permitted to exhaust his guaranty by paying the tenant's rent for 17 weeks and extending its occupancy, the landlord would thereafter have no recourse to the guaranty for losses incurred upon the theater becoming vacant. Furthermore, the tenant may have incurred liability in failing to perform obligations under the lease *other* than payment of rent, for which Brandt would be secondarily responsible. Thus, for example, although rent were fully paid, the tenant and his guarantor could still be held liable under the lease for physical damage to the theater premises or equipment, for failure to pay water and sewer taxes and assessments, or under the tenant's agreement to indemnify the landlord against liability for all claims and lawsuits for personal and property damage arising out of the tenant's occupancy of the premises.

When Brandt proffered his own check for the tenant's rent, the condition he attached to the offer was not an expression of the contract of guaranty. In making the tender Brandt sought to impose an additional provision which had to be rejected by the landlord or a new contract would have been created. This contract would have deprived the landlord of the right to dispossess the tenant all during the period that the value of the guaranty to which it could look as additional security was being dissipated. Thus, at the end of 17 weeks of payment by the

guarantor the tenant corporation which he controlled would have enjoyed continuous occupancy of the premises, and the guarantor, for all practical purposes, would have been relieved of all obligation.

The guarantor was answerable only upon the tenant's default, and once the tenant had defaulted the landlord had every right to terminate the lease and resort to summary proceedings for possession of the premises. The instrument of guaranty expressly provided that the obligations of the guarantor were not to be '' terminated, affected or impaired by reason of the assertion by Landlord against Tenant of any of the rights or remedies reserved to Landlord pursuant to the provisions of the within lease ''. On default, the landlord could commence summary proceedings against the tenant and still resort to the guaranty. It is thus clear that the landlord had no obligation to accept the proferred sums in partial discharge of the obligations of the guaranty. For while Brandt as guarantor would be required to make good any damages sustained by the landlord, he could not pay the rent as such.

The determination of the Appellate Term should be reversed, on the law and the facts, with costs to appellant, and the final order and judgment of the Municipal Court in favor of the landlord reinstated.

BREITEL, RABIN, FRANK and STEVENS, JJ., concur.

Determination of the Appellate Term unanimously reversed, on the law and the facts, with costs to the appellant, and the final order and judgment of the Municipal Court in favor of the landlord reinstated. Settle order.