Jacob J. Schwartzwald, J.
In this action to foreclose a second mortgage held by the plaintiff and executed by the answering defendants, Pauline Dann and Bessie Lobsenzer, plaintiff moves to strike out the affirmative defenses, setoff and counterclaim interposed by these defendants; for summary judgment providing for judgment of foreclosure and sale and appointment of a referee to compute.
The facts briefly indicate that plaintiff made a loan to Francene Press, Inc., of $40,000 which it agreed to repay together with a charge of $16,000, making a total of $56,000. Simultaneously, the answering defendants each executed an individual guarantee of payment, limiting the liability of each to $18,000. As additional security plaintiff obtained from these defendants a second mortgage on their real property in the sum of $18,000, the mortgage containing a defeasance clause reading as follows: “ Upon payment by Francene Press, Inc. of the first payments totaling the sum of $18,000 due on the Bond and Mortgage executed by Francene Press, Inc., to Alpha Financial Associates, and dated September —, 1957 this mortgage shall be null and void.” (Emphasis supplied.)
A letter dated September 25, 1957, and relied upon by the defendants herein, acknowledging receipt of various documents, further provides: “ After the first payments totaling the sum of $18,000 due under the bond and mortgage are made * * * we will issue a satisfaction of the real property collateral mortgage executed by ”.
The mortgage of the answering defendants also contained a provision to the effect that if any default be made by Francene in any of the payments, etc., that such default shall be deemed a default under the mortgage and the mortgagee Avould have the *75 right to pursue any and all remedies available. Francene only made payments totaling $6,000, leaving a balance of $50,000 still due. The chattels covered by the chattel mortgage of the principal debtor were then duly sold at public auction and plaintiff bid the amount of $22,500 and credited the proceeds of the sale against the amount due. Judgment for the deficiency was entered and execution was returned unsatisfied.
Action was then commenced in the Supreme Court of New York County against each of the answering defendants for $18,000 on their respective guaranties. Answers were interposed containing the same defenses and counterclaim as are alleged by them in the instant action except as to the second defense. Plaintiff therein moved for summary judgment, which was granted.
The defenses and counterclaim interposed herein will be considered seriatim. The first defense, which defendants label as one appealing to the conscience of the court to refuse its aid in an inequitable, oppressive and unconscionable transaction, is in reality a defense of usury. It has been held that where a corporation cannot interpose the defense of usury to its obligation a guarantor thereof is likewise precluded from pleading usury. (General Phoenix Corp. v. Cabot, 300 N. Y. 87; General Business Law, § 374.) This defense is accordingly stricken.
The second defense, that an appeal from the judgment obtained in the New York County action has been taken, which is still undetermined, is also insufficient in law. The defendants have not interposed a bond nor have they obtained a stay of the enforcement of the judgment. It is insufficient as a defense to the prosecution of this action to foreclose the second mortgage given as security.
The third, fourth and fifth defenses, pleading in effect payment and partial payment, are also sham, frivolous and of no import. The defendants claim that they only guaranteed the collection of the first $18,000 due on the obligation and the recovery by the plaintiff of over $28,000 by payment and the proceeds of the foreclosure sale, does not satisfy the terms of the agreement between the parties. As previously indicated, the defeasance clause was to become operative only upon payment by the debtor of the first payments totaling $18,000. The agreement is clear and unambiguous. The mortgage was to be deemed satisfied and paid only if the installments had been paid by the debtor as they became due so that the primary obligation would have been reduced in the sum of $18,000. The defendants then would have been released as far as the mortgage was concerned. But this not having been done, the defendants are still liable and *76 responsible on their mortgage. Payments made out of the proceeds of the foreclosure of the chattel mortgage cannot be deemed to have been made by the debtor under the terms of the loan. (Fidelity Trust Co. v. Brooklyn Properties Corp., 229 App. Div. 544; Metropolitan Life Ins. Co. v. 727 Madison Ave. Corp., 55 N. Y. S. 2d 190.)
The payment made by the application of the proceeds of the sale was a payment made out of the property itself and was a substitute for the property of the mortgage and cannot be considered a payment on the mortgage according to its terms and within the meaning of the guarantee. The $6,000 paid by the debtor cannot be used as a setoff. Defendants were only to be relieved in the event there is no default and the first $18,000 was paid voluntarily by the principal debtor.
There having been a breach and default by the debtor in its payments, the plaintiff did not receive the $18,000 in accordance with the terms of the agreements and as provided for in the mortgage and the defendants are not entitled under such circumstances io a satisfaction of the mortgage as requested by them in their counterclaim. • In any event, it would appear that the court in the action instituted in the Supreme Court, New York County, has already passed upon the identical counterclaim and defenses interposed by them and decided adversely to the interests of the defendants. Such determination is res judicata. Accordingly, the motion is granted.
However, the judgment to be entered herein, the appointment of a referee to compute and all subsequent proceedings will be stayed pending the determination of the Appellate Division on the appeal before it in the New York County action. The defendants are directed to diligently perfect and notice their appeal for argument for the first available term.
Settle order on notice.