Thomas P. Farley, J.
Plaintiff moves for summary judgment in an action to foreclose a mortgage on real property. The defendants have pleaded the defense of usury in their answer. Plaintiffs do not deny that the underlying loan, for which the subject mortgage was given as collateral security, was usurious, but contend that the loan was made to a corporation and consequently the individual defendants may not properly raise this defense.
In July of 1959 the defendant, Frank J. Taglieri, acting for and on behalf of the Taglieri Corporation, of which he was president, executed a series of notes providing for a concededly usurious rate of interest to the plaintiffs in the principal sum of $3,600. Both defendants, who are husband and wife, then signed their individual names on the backs of the notes and executed the subject mortgage on their real property as collateral security for the loan. At the same time both defendants executed an affidavit in which they stated: ‘ ‘ That they are the principals of the Taglieri Corp. That they have negotiated a series of notes to C. & J. Metz for the purpose of securing working capital for the corporation, in the sum of $3600.00. That they have personally endorsed these notes and collateralized them with a mortgage on their home # * That they make this affidavit for the purpose of inducing C. & J. Metz to purchase the aforesaid notes and know that they rely on same.” (Emphasis added.)
*843 The back of the notes .contains the following printed legend and signatures:
“ fob value BECEivBD the undersigned and each of them hereby forever waives presentment, demand, protest, notice of protest and notice of dishonor of the within note and the undersigned and each of them guarantees the payment of said note at maturity and consents without notice to any and all extensions of time or terms of payment made by holder of said note.
/s/ Frank Taglieri
/s/ Theresa Taglieri”.
It is well settled that where a usurious loan is made to a corporation and individuals act as guarantors or sureties, the liability of such individuals is secondary, and they may not properly raise the defense of usury for they stand in no better position than their principal whose debt they have guaranteed (General Business Law, § 374; Salvin v. Myles Realty Co., 227 N. Y. 51, 58); whereas the defense would be available to individual defendants if they were principal parties to the transaction (Pink v. L. Kaplan, Inc., 252 App. Div. 490), or where the loan was in fact made to them, individually, though in form to the corporation to hide the fact that the lender exacted an illegal rate of interest (Shapiro v. Weissman, 7 A D 2d 752).
No issue is raised as to the default pleaded in the complaint. The defendants’ opposing affidavit is confined to the defense of usury pleaded in the answer. It is claimed that (a) the Taglieri Corporation was formed at the insistence of the plaintiffs as a cover for a usurious loan and (b) a question of fact exists as to whether they signed the underlying notes as principal parties or as indorsers since it was their understanding that they were to be comakers with the corporation on the notes which they signed on the back only because there was insufficient room on the front of the documents to accommodate their signatures.
The law was settled in Jenkins v. Moyse (254 N. Y. 319) that the corporate entity may not be disregarded to declare that a loan made in a form which is legal is merely an evasion of the law. Parties have a perfect right to deal with each other with the usury laws before their eyes, and to so shape the transaction as to avoid the condemnation of those laws. (Union Dime Sav. Inst. v. Wilmot, 94 N. Y. 221.)
A bona fide loan to a corporation is valid, even if the corporation is organized for the express purpose of avoiding the usury statutes (Sohmer Factors Corp. v. 187-20 Tioga Drive Corp., 8 A D 2d 847). It is only where the loan is in fact made to the *844 individual parties, though in form to the corporation to hide the fact that an illegal rate of interest is being exacted,-that the courts will pierce the corporate veil' (Jenkins v. Moyse, supra; Shapiro v. Weissman, 7 A D 2d 752). We do not now deal with such a situation because the defendants’ affidavit in opposition to this motion frankly admits ‘ ‘ that a loan was made to the Taglieri Corporation for the retail selling of foodstuffs and that, as such, the money given by the plaintiffs was used as working capital for the Taglieri Corporation * * * [and] that the corporation made payment on these notes when due ”.
Defendants’ second contention is likewise of no avail. From both the location of their signatures on the back of the notes in a position immediately below - the printed contract of guarantee and the' affidavit in which they acknoAvledged that they “ personally endorsed” the notes, it is obvious that they signed the notes as secondary parties. “ Where the intention of the parties may be gathered from the four corners of the instrument, interpretation of the contract is a question of laAv, and parol evidence is not admissible as an aid in interpretation; no trial is necessary to determine the legal effect of the contract ”. (General Phoenix Corp. v. Cabot, 300 N. Y. 87, 92.) The parol evidence rule is properly applied upon a motion for summary judgment as upon a trial (General Phoenix Corp. v. Cabot, supra; Ford v. Ilahn, 269 App. Div. 436; Lion Brewery v. Loughran, 223 App. Div. 623).
Accordingly, the motion is granted. Submit order Avhich shall also provide for the appointment of a referee to compute.