■ RICHARD S. LEGHORN, Respondent, v STUART R. ROSS, Appellant.— Order of the Supreme Court, New York County, entered on January 31, 1975, judgment entered thereon on February 3, 1975, and order entered on March 17, 1976, unanimously affirmed, without costs and without disbursements. The plaintiff seeks indemnification for sums paid by him as a guarantor of the defendant's promissory notes issued by the defendant to finance a stock purchase. There is no dispute as to the defendant's default in payment of the notes, or with respect to the fact that the plaintiff was called upon to honor the guarantee agreement. However, defendant asserts that as between the plaintiff and the defendant there was agreement that the defendant would not be liable personally to the plaintiff because the defendant acted as an agent of a company in which they both had an interest. Defendant further contends that the plaintiff's settlement of the guarantee obligation also reflected a discharge of unrelated obligations owed by the plaintiff to the payees of defendant's notes. It has long been the rule that a surety is equitably entitled to full indemnity against the consequences of a principal obligor's default. *(Thompson v Taylor,* 72 NY 32; see *Blanchard v Blanchard,* 201 NY 134, 139.) Of course, it is possible for the surety and the obligor to have, as between them, a different arrangement. However, there is no documentary evidence to substantiate the existence of such an arrangement, and it is merely a contention by the defendant. Although the plaintiff in his settlement of the obligation as a guarantor included a release with respect to other matters, the judgment against him by reason of the defendant's default was in excess of the settlement figure, and therefore there is no reason to assign any value, if any, to the other items. A judgment was secured, the guarantor was solvent and therefore subject to collection in the full amount, and there was no suggestion that the plaintiff acted in other than good faith. The counterclaims were properly dismissed. It is contended that the plaintiff refused to pay a note issued to the defendant. However, the counterclaim itself recites that the note was transferred, and if the defendant is not the holder of the note, the pleading is defective. The defendant points out a minor error in the opinion of the court at Special Term with respect to the stock of the corporation, heretofore mentioned, being held in escrow. It would not change the determination, and we have examined the other contentions of the defendant with the same result. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.