812 F.2d 797
 PRO-SPECIALTIES, INC., Plaintiff-Appellee,
v.
THOMAS FUNDING CORP., and Able Building Maintenance &
Services Co., Inc., Defendants,
Thomas Funding Corp., Defendant-Appellant, Cross-Appellee,
Able Building Maintenance & Services Co., Inc.,
Defendant-Appellee, Cross- Appellant.
PRO-SPECIALTIES, INC., Plaintiff-Appellant,
v.
THOMAS FUNDING CORP., and Able Building Maintenance &
Services Co., Inc., Defendants,
Able Building Maintenance & Service Co., Inc., Defendant-Appellee.
 Nos. 75, 141, 142, Docket 85-9023, 86-7003, 86-7017.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 9, 1986.
Decided Feb. 26, 1987.
 
 Mark Bradley Roth, Westbury, N.Y., for defendant-appellant, cross-appellee Thomas Funding Corp.
 Seymour Pikofsky, Milwaukee, Wis. (Pikofsky & Flaherty, of counsel), for plaintiff-appellee and plaintiff-appellant Pro-Specialties, Inc.
 Charles D. Maurer, New York City, for defendant-appellee, cross-appellant Able Bldg. Maintenance & Services Co., Inc.
 Before CARDAMONE and PIERCE, Circuit Judges, and BONSAL, District Judge.*
 CARDAMONE, Circuit Judge:
 
 
 1
 The appeals in this diversity case arise from an everyday commercial arrangement under which a factor guaranteed a Navy contractor's purchase of equipment and materials from its supplier. When the Navy contractor, Able Building Maintenance & Services Co., Inc. (Able) defaulted, the supplier, Pro-Specialties, Inc. (Pro-Specialties) brought this action against Able and the factor, Thomas Funding Corp. (Thomas), as guarantor. The United States District Court for the Southern District of New York (Sweet, J.) granted the supplier a judgment against the factor in the amount of $53,193.92 plus interest but dismissed both the supplier's claim against the purchaser on the underlying obligation and the factor's indemnification claim against the purchaser. This confusing holding doubtless shook the supplier's confidence in the security of its judgment because of the untenable predicate on which it rested. Because of the apparent inconsistency of these rulings, we must remand the case to the district court for further factual determinations.
 
 BACKGROUND
 
 2
 Able contracted with the United States Department of the Navy to provide janitorial and cleaning services at the Philadelphia Naval Base and at the United States Naval Academy at Annapolis. It purchased the supplies, chemicals, and equipment needed to perform this contract from Pro-Specialties, a chemical manufacturer and distributor of cleaning supplies and equipment. As the cost of these items amounted to over $50,000, Pro-Specialties ran a Dunn & Bradstreet credit check, and later told Able that it could not extend it this much credit. Able then referred Pro-Specialties to Thomas, a factoring company experienced in factoring government contracts. Thomas was already involved in factoring Able's accounts receivables from Navy contracts. When Pro-Specialties called Thomas, an official at Thomas stated that it would guarantee Able's payment for the supplies and material purchased from Pro-Specialties. Thomas sent Pro-Specialties a letter embodying the understanding on June 4, 1982. According to the letter, Thomas "agreed that Pro-Specialties can look to Thomas Funding Corp. for payment on defaulted transactions," that "[a]ll payments made by [Thomas] to [Pro-Specialties] will be after the due date as agreed between [Pro-Specialties] and [Able]" and that should Pro-Specialties need to call on its "guarantee," it should "be assured that all payments will be timely."
 
 
 3
 When Able subsequently defaulted, Pro-Specialties pressed for payment, and Thomas agreed to make monthly payments of $5,000 directly to Pro-Specialties until Able's obligation was satisfied. Thomas made only one payment in October of 1982. Two years later Pro-Specialties brought the instant action against Thomas and Able for the balance of the money owed. Thomas cross-claimed against Able for indemnification and/or contribution in the event of a judgment against it.
 
 
 4
 Applying New York law in a ruling from the bench, the district judge granted judgment in favor of Pro-Specialties against Thomas in the sum of $53,193.92. After crediting the testimony of Pro-Specialties' witnesses, and examining the language of the June 4th letter, the district court held that the parties had intended Thomas to be the guarantor of Able's obligation to Pro-Specialties. The district court then dismissed Pro-Specialties' action against Able, Thomas' cross-claim against Able, and Able's cross-claim against Thomas. In substance, the district court held Thomas liable as guarantor, but ruled that Able, the original obligor, was not liable.
 
 
 5
 From this determination Thomas appeals and both Pro-Specialties and Able cross-appeal. In the discussion that follows we will consider first, whether the dismissal of Pro-Specialties' complaint against Able was inconsistent with the finding that Thomas was a guarantor, and second, whether damages were correctly calculated.
 
 DISCUSSION
 
 6
 I The Dismissal of Pro-Specialties' Claim Against Able
 
 
 7
 Thomas asserts that the district court made an error of law in holding it liable as a guarantor without first finding an underlying obligation. Pro-Specialties argues, in a similar vein, that the district court's dismissal of its claim against Able, the principal debtor, cannot be reconciled with the trial court's finding that Thomas was a guarantor. Pro-Specialties does not claim that the dismissal was an error of law, but rather that it was simply an oversight, and urges that we remedy this oversight by ordering judgment in its favor against Able.
 
 
 8
 We agree with the parties that, on the facts before us, the district court could not have found a guarantee without first finding the principal debtor liable on the principal obligation. Except in situations not applicable here, see 10 Williston on Contracts Sec. 1214 (3d ed. 1967), the general rule is that "the guarantor is not liable unless the principal is bound." Walcutt v. Clevite Corp., 13 N.Y.2d 48, 56, 241 N.Y.S.2d 834, 191 N.E.2d 894 (1963) (citation omitted). A guarantor's obligation is secondary to the principal obligation. General Phoenix Corp. v. Cabot, 300 N.Y. 87, 95, 89 N.E.2d 238 (1949); Pink v. Investors Syndicate Title & Guaranty Co., 246 A.D. 172, 176, 285 N.Y.S. 155, aff'd, 273 N.Y. 483, 6 N.E.2d 414 (1936). Thus, the dismissal of the underlying claim against Able may only be justified if the trial court found that Pro-Specialties had agreed to look only to Thomas for repayment of Able's obligation. Such a relationship--where Thomas assumes primary instead of secondary liability--is a novation. See Wasserstrom v. Interstate Litho Corp., 114 A.D.2d 952, 954, 495 N.Y.S.2d 217 (2d Dep't 1985).
 
 
 9
 The record supports a finding of either a guarantee or a novation. The June 4th letter described the agreement as a "guarantee" and stated that Pro-Specialties could look to Thomas for payment once Able defaulted. On the other hand, the President of Pro-Specialties indicated that his company looked only to Thomas for repayment. He testified that "Able didn't owe us anything," and answered affirmatively when asked whether he "felt that Thomas Funding was responsible for the moneys due [Pro-Specialties], not Able...." Faced with a record that could support either legal conclusion, we remand to the district court for it to make appropriate findings regarding the nature of the agreement. If there was in fact a guarantee, then Pro-Specialties' claim against Able should not have been dismissed; if there was a novation, the dismissal of that claim was proper.
 
 
 10
 We add that on remand the district court must reconsider whether Thomas is entitled to indemnification from Able. The general rule is that "a surety is equitably entitled to full indemnity against the consequences of a principal obligor's default." Leghorn v. Ross, 53 A.D.2d 560, 560, 384 N.Y.S.2d 830 (1st Dep't 1976), aff'd on other grounds, 42 N.Y.2d 1043, 399 N.Y.S.2d 206, 369 N.E.2d 763 (1977). Here the trial court dismissed Thomas' cross-claim for indemnification because it found no explicit promise by Able to indemnify Thomas. However, when a party agrees to become a guarantor at the behest of the principal obligor, a promise to indemnify--even though not expressly provided for in the contract--is implied by law, Konitzky v. Meyer, 49 N.Y. 571, 576 (1872); 57 N.Y.Jur. Sec. 353 (1967); 10 Williston on Contracts Sec. 1274 (3rd ed. 1867), unless the parties have provided otherwise. Leghorn, 53 A.D.2d at 560, 384 N.Y.S.2d 830. Thus, on remand the district court must determine whether the parties explicitly agreed that Able would not indemnify Thomas.
 
 
 11
 Thomas raises two other challenges on appeal. First, it argues that the trial court erred in finding a guarantee of payment, rather than one of collection. Second, Thomas maintains that the district court incorrectly found that the guarantee agreement was supported by consideration. Upon reviewing these contentions, we conclude that they are without merit and the district court need not reconsider them on remand.
 
 II The Damage Award
 
 12
 The district court awarded Pro-Specialties damages of $53,193.92 principal and $20,922.93 pre-judgment interest computed at 12% per annum for the period of August 2, 1982 to November 13, 1985, the date of judgment. All the parties agree that the district court's computation was too generous to plaintiff Pro-Specialties.
 
 
 13
 The sum of the invoices for goods shipped by Pro-Specialties to Able totalled $57,403.65. Subtracting $5,000 for the payment Thomas made in October 1982 leaves an outstanding balance of $52,403.65. The district court's $53,193.92 figure was derived from a Pro-Specialties Statement dated August 31, 1982 which contained a charge of $790.27 in interest assessed as of August 31, 1982. By using this higher figure the district court overstated the principal due and thus, inadvertently, double-counted the interest that had accrued by the end of August. Consequently, we remand to the district court for a re-calculation of damages.
 
 
 14
 Thomas' other challenges to the damage award are without merit. Thomas objects to the trial court's imposition of a 1% per-month pre-judgment interest rate. However, the 1% figure was set forth in Pro-Specialties' invoices. As a guarantor of payment, Thomas may properly be charged with all aspects of its principal debtor's obligation, including interest charges imposed by contract. Bryant Park Building, Inc. v. Richmond, 85 N.Y.S.2d 531 (Sup.Ct.1948).
 
 
 15
 Thomas also objects to the use of August 2, 1982 as the first day of the interest period. CPLR Sec. 5001 provides that "[w]here ... damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y.Civ.Prac.Law & Rules Sec. 5001 (McKinney 1963) (emphasis supplied). Most of the invoices were dated between June 4 and June 15, 1982. The finance charge was to accrue 30, 45, 60 or 90 days after the date on the invoice. The choice of August 2--a date somewhere between 45 and 60 days after the majority of the goods were invoiced--is a "reasonable intermediate date."
 
 CONCLUSION
 
 16
 Accordingly, the judgment appealed from is reversed in part and remanded to the district court with directions that consistent with this opinion it make the necessary findings to support the legal conclusion it reaches and to recalculate the damages awarded Pro-Specialties. The judgment is otherwise affirmed.
 
 
 17
 Affirmed in part, reversed in part and remanded.
 
 
 
 *
 Hon. Dudley B. Bonsal, Senior Judge, United States District Court for the Southern District of New York, sitting by designation