CARDELL FINANCIAL CORP. et al., Petitioners–Cross–Respondents,

v.

SUCHODOLKSI ASSOCIATES, INC. et al., Respondents–Cross–Petitioners.

No. 09 Civ. 6148(VM).

United States District Court, S.D. New York.

Dec. 16, 2009.

Gregory Scott Hansen, Helen Johnson Williamson, Anderson Kill & Olick, P.C., New York, NY, for Petitioners–Cross–Respondents.

Eric Xinis Fishman, Pillsbury Winthrop Shaw Pittman, LLP, New York, NY, David L. Kelleher, Jackson & Campbell, PC, Michael Evan Jaffe, Thelen Reid & Priest, LLP, Washington, DC, for Respondents–Cross–Petitioners.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Petitioners Cardell Financial Corporation ("Cardell") and Deltec Holdings, Inc.

("Deltec") (collectively "Petitioners") bring this action to confirm an award, dated April 28, 2009 (the "Award"), obtained in an arbitration proceeding against respondents Suchodolski Associates, Inc. and Consultora WorldStar S.A. (collectively "SAI/Worldstar").[1] SAI/Worldstar cross-petitions to vacate the Award. For the reasons stated below, Petitioners' petition to confirm the Award is GRANTED and SAI/Worldstar's cross-petition to vacate is DENIED.

## I. BACKGROUND

The arbitration, held before a panel of arbitrators (the "Panel") from the American Arbitration Association ("AAA"), originated from two separate agreements (collectively the "November 2001 Agreements"). Pursuant to the first agreement, dated November 30, 2001 (the "Term Loan Agreement"), Deltec issued Cardell a promissory note in the amount of $12.8 million. Pursuant to the second agreement, a nonrecourse stock pledge agreement, also dated November 30, 2001 (the "SPA"), SAI/Worldstar pledged its shares of Deltec stock as collateral for Deltec's performance under the Term Loan Agreement. Deltec failed to repay the loan and in 2004 an arbitration panel declared Deltec in default (the "2004 Arbitration"), at which point Cardell foreclosed on SAI/Worldstar's pledged shares. In January 2005, Cardell sold the shares at auction to itself for $2.5 million.

On July 25, 2006, Cardell filed a demand for arbitration seeking (1) a declaration that its sale of SAI/Worldstar's shares was conducted in a commercially reasonable manner in accordance with the 2004 Arbitration and New York law; and (2) reasonable costs and attorneys' fees.

SAI/Worldstar filed an answer, dated August 16, 2006, which included a third-party demand for indemnification against Deltec. As a surety, SAI/Worldstar demanded indemnification from Deltec for the value of the shares. On November 16, 2007, Petitioners filed a motion for summary judgment seeking a determination of commercial reasonableness of the foreclosure and auction as well as dismissal of the third-party demand against Deltec.

The Panel held a hearing on March 21, 2008 and issued the Award on April 28, 2009. One arbitrator dissented. The Panel determined that SAI/Worldstar failed to establish a genuine issue of material fact with respect to the commercial reasonableness of the auction, and that Cardell's auction was commercially reasonable. As to the demand for indemnity, the Panel ruled that even if SAI/Worldstar could be characterized as a surety, Deltec had no duty to indemnify SAI/Worldstar for its loss.

On July 8, 2009, Petitioners filed the instant petition to confirm the Award. On July 28, 2009, SAI/Worldstar filed a cross-petition to vacate the Award.

## II. LEGAL STANDARD

Petitioners seek confirmation of the Award pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1–16. A court must confirm an arbitral award un-

---

1. By letter dated May 11, 2009 ("May 11 Letter"), Petitioners requested that the arbitrators (1) correct certain clerical and typographical errors in the Award, providing suggestions in an attached errata sheet ("Petitioners' Errata Sheet"), and (2) confirm that the decision precluded any claims by SAI/Worldstar against Deltec subsidiaries arising out of the contracts at issue. The arbitrators consented to the first request and objected to the second in a letter dated June 8, 2009 (the "June 8 Letter"). The final Award, therefore, consists of the April 28, 2009 award, the June 8 Letter, and Petitioners' Errata Sheet.

less the party seeking to vacate establishes any of the limited exceptions provided by § 10 of the FAA. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 1403, 170 L.Ed.2d 254 (2008). The FAA provides for vacatur:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Second Circuit adds a gloss on § 10(a) that instructs that a district court may vacate where the award evidences "manifest disregard" of the law. *Stolt–Nielsen SA et al. v. AnimalFeeds Int'l Corp.,* 548 F.3d 85, 91 (2d Cir.2008), *cert. granted,* —— U.S. ——, 129 S.Ct. 2793, 174 L.Ed.2d 289 (June 15, 2009) (No. 08–1198). Vacatur based on manifest disregard for the law is proper "only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Id.* (internal quotation marks omitted). The burden of proof "required to avoid confirmation is very high," *D.H. Blair & Co., Inc. et al. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir.2006), and a court will enforce the award unless the party seeking vacatur shows that the arbitrators fail to present a "barely colorable justification for the outcome reached." *Rich v. Spartis,* 516 F.3d 75, 81 (2d Cir.2008) (internal quotation marks omitted).

## III. DISCUSSION

SAI/Worldstar argues that the Award must be overturned because: (1) the Panel manifestly disregarded New York law when denying SAI/Worldstar's demand for indemnification; and (2) the Panel's proceeding violated due process, the FAA, the AAA Commercial Arbitration Rules (the "AAA Rules"), and the New York Convention of 1958 on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). The Court finds neither argument persuasive and concludes that the Award satisfies the minimal standards that govern confirmation.

### A. MANIFEST DISREGARD FOR NEW YORK LAW

■ SAI/Worldstar seeks vacatur on the basis that the Panel wrongfully refused to apply New York law with respect to sureties and exoneration. SAI/Worldstar claims that the Award should be vacated because, in failing to apply New York law as agreed to by the parties, the "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," 9 U.S.C. § 10(a)(4), thus exhibiting "manifest disregard" of the law. *Stolt–Nielsen,* 548 F.3d at 91.

Petitioners disagree, emphasizing that judicial review for manifest disregard is extremely limited, and furthermore, that the Panel correctly applied the law after careful consideration of the parties' arguments and New York law. The Court agrees with Petitioners and finds no evidence supporting a conclusion that the Award exhibits manifest disregard of the law.

SAI/Worldstar argues that the Panel ignored New York law in determining that Deltec owed no duty of indemnity to

SAI/Worldstar. In support, SAI/Worldstar points to Second Circuit law that requires a court to find an explicit agreement not to indemnify in order to deny a surety's claim for indemnification. *See Pro–Specialties, Inc. v. Thomas Funding Corp.*, 812 F.2d 797, 800 (2d Cir.1987). The Panel found no explicit indemnity agreement between SAI/Worldstar and Deltec; the Panel reviewed the November 2001 Agreements and looked to the intentions and expectations of the parties in determining that Deltec had no duty to indemnify SAI/Worldstar. The Court holds that the Panel found that the law generally applying to surety relationships did not apply in this instance. In fact, the Panel specifically distinguished the *Pro–Specialties* decision from the facts that were at issue in the instant arbitration. The Panel noted that

> the surety's right to indemnification from the principal obligor is generally applied in the typical context in which the principal obligor requests a surety bond from the surety, thus preventing the unjust enrichment of the principal obligor at the expense of the surety.... This context is completely absent in the 2001 November Agreements and the SPA, according to which it was not Deltec (the principal obligor) who sought the aid of Respondents (surety) to pay Cardell (the creditor), but rather Cardell who asked Respondents to put up their pledged shares as collateral for the loan.

(Declaration of Helen J. Williamson in Support of Petition to Confirm Award, dated July 1, 2009 ("Williamson Decl."), Ex. 1, at 39–40, 1 125.) The Panel did not ignore New York law. In its decision, the Panel relied on the Restatement (Third) of Suretyship and Guaranty, which New York courts apply, *see Chemical Bank v. Meltzer*, 93 N.Y.2d 296, 690 N.Y.S.2d 489, 712 N.E.2d 656, 660–61 (1999), and distinguished precedent put forth by SAI/Worldstar.

Further, as identified by Petitioners, the Panel's conclusion that Deltec was not required to indemnify SAI/Worldstar was largely based on an interpretation of the November 2001 Agreements, and "[w]hether arbitrators misconstrued a contract is not open to judicial review." *Stolt–Nielsen*, 548 F.3d at 92.

■ SAI/Worldstar also disputes the validity of the Panel's alternate holding. The Panel found that even if Deltec was required to indemnify SAI/Worldstar, SAI/Worldstar's right to indemnity was extinguished by a Stipulation and Order, dated January 21, 2005 (the "Stipulation and Order"). *See Suchodolski Associates, Inc. et al. v. Cardell Fin. Corp. et al.*, No. 05 Civ. 216 (S.D.N.Y. Jan. 21, 2005). The Stipulation and Order dismissed SAI/Worldstar's claim for exoneration against Petitioners with prejudice and expressly reserved all other claims. The Panel found that the Stipulation and Order precluded SAI/Worldstar's indemnification claim. Relying on Restatement (Second) of Judgments § 24(1), the Panel found the indemnification and exoneration claim to be "sufficiently connected to support a conclusion that they arise from a single transaction or series of transactions." (Williamson Decl. Ex. 1, at 35, ¶ 111 (internal quotation marks omitted).)

SAI/Worldstar argues, as above, that the Panel's alternate holding exceeded the arbitrators authority and exhibited a manifest disregard of the law. As with its earlier argument, SAI/Worldstar puts forth reasons supporting a claim that the Panel misapplied the law. Manifest disregard, however, constitutes "more than error or misunderstanding with respect to the law." *Stolt–Nielsen*, 548 F.3d at 92. The Court need not determine whether the Panel reached the same result as this

Court would have if presented with the same facts, but must merely determine that the Panel put forward at least a "barely colorable justification for the outcome reached." *Rich*, 516 F.3d at 81 (internal quotation marks omitted). The Panel has met this low threshold. Accordingly, the Court finds that the Panel neither exceeded its authority, nor exhibited a manifest disregard of the law.

## B. *FAIRNESS OF THE ARBITRATION PROCEEDINGS*

■ SAI/Worldstar further argues that the Panel denied SAI/Worldstar its right to procedural safeguards under the AAA Rules, its right to present pertinent and material evidence under the Federal Arbitration Act, and its right to a meaningful opportunity to be heard under the New York Convention, the FAA, the AAA Rules, and the fundamental concepts of due process.

SAI/Worldstar asserts that the Panel permitted Petitioners to present live testimony, whereas the Panel denied SAI/Worldstar that opportunity. However, as Petitioners point out, SAI/Worldstar did not submit witness testimony—written or live—to the Panel prior to the hearing or at the hearing itself. Petitioners, on the other hand, did submit witness affidavits, and the Panel called Petitioners' expert to testify at the hearing. After Petitioners filed a summary judgment motion, the Panel afforded SAI/Worldstar the opportunity to present witness testimony that would demonstrate a material issue of fact. It did not do so.

In pressing for a contrary result, SAI/Worldstar's reliance on *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2d Cir. 1997), is misplaced. In *Tempo Shain* the issue was whether the arbitration panel properly excluded as cumulative the testimony of a witness who was temporarily

unavailable, but who was the only person who could have testified with respect to the substance of one of the claims in contention. In vacating the confirmation of the award, the Second Circuit noted that the panel did not indicate in what respects the witness's testimony would have been cumulative. Here, SAI/Worldstar has not identified any evidence that the Panel excluded. The Court cannot hold that the Panel refused to hear evidence pertinent and material to the controversy when SAI/Worldstar did not attempt to present any evidence.

SAI/Worldstar essentially quibbles with the summary judgment process. SAI/Worldstar's counsel protested that the arbitration was "a truncated proceeding. [SAI/Worldstar] didn't have the opportunity [to present its case]." (Declaration of Helen J. Williamson in Further Support of the Petition to Confirm the Arbitration Award and in Opposition to the Petition to Vacate, dated September 2, 2009, Ex. 11, at 204:21–23.) The Court notes, however, that arbitrators are permitted to resolve disputes on a motion for summary judgment. *See Global Reinsurance Corp.— U.S. Branch v. Sompo Japan Ins., Inc.*, No. 05 Civ. 9689, 2005 WL 3601904, at *2– *3 (S.D.N.Y. Dec. 29, 2005). Considering that the Panel's procedure allowed SAI/Worldstar to submit witness testimony both before, during, and after the hearing, as well as provided SAI/Worldstar an opportunity present its arguments at the hearing, the Court finds that SAI/Worldstar has proffered no basis to establish that it was denied a meaningful opportunity to present its case.

SAI/Worldstar also argues that the Panel failed to consider a witness affidavit that SAI/Worldstar submitted after the hearing. However, the Award clearly indicates that the Panel did in fact review the affidavit and found that it raised no material

issue of fact as to the reasonableness of Cardell's auction.

As the Petitioners point out, SAI/Worldstar's position is essentially a disagreement with the Panel's conclusion of law. As discussed above, with respect to arguments that arbitrators exceeded their authority or exhibited manifest disregard of the law, only a "barely colorable justification for the outcome reached," *Rich*, 516 F.3d at 81 (internal quotation marks omitted), is required for this Court to enforce the award. The Panel stated that the affidavit merely offered suggestions as to what auction procedures should have been followed, and did not raise any issue of material fact as to whether the actual procedures used were reasonable. In doing so, the Panel did not trigger any cause for vacatur provided for in § 10(a).

### IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition (Docket No. 1) of petitioners Cardell Financial Corporation and Deltec Holdings, Inc. (collectively "Petitioners") to confirm the arbitration award dated April 28, 2009 (the "Award"), rendered in favor of Petitioners and against respondents Suchodolski Associates, Inc. and Consultora WorldStar S.A. (collectively "SAI/Worldstar") is GRANTED; and it is further

**ORDERED** that the cross-petition (Docket No. 9) of SAI/Worldstar to vacate the Award is DENIED.

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**