OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the cross claim of the appellant, United States Fidelity & Guaranty Co., against respondent Finkelstein for counsel fees, should be reinstated.
Defendant Finkelstein was appointed receiver of certain real property pursuant to a court order requiring him to post a bond. The bond was furnished by appellant, United States Fidelity & Guaranty (USF&G). Subsequently plaintiff Lori-Kay Golf brought an action for wrongful eviction against Finkelstein as receiver and against USF&G as surety on the bond. The surety cross-claimed against Finkelstein for indemnification including counsel fees.
The trial court dismissed Lori-Kay’s complaint against Finkelstein and USF&G. The court also dismissed USF&G’s cross complaint for counsel fees on the ground that the primary suit alleged a tort and not a breach of the fiduciary’s obligation and thus was beyond the scope of the bond.
The Appellate Division modified with respect to other parties and actions not involved on this appeal. USF&G has appealed the Appellate Division’s order insofar as it affirmed the dismissal of its cross complaint.
As a general rule a surety is equitably entitled to full indemnity against the consequences of a principal obligor’s default (Thompson v Taylor, 72 NY 32; Leghorn v Ross, 53 AD2d 560). This includes the right to reimbursement for legal fees incurred in defending an action brought against the principal even though it may be groundless (see, e.g., Bank of N. Y. v Hirschfeld, 59 AD2d 976; 11 Appelman, Insurance Law and Practice, § 6399, pp 240-241). The purpose of a receiver’s bond is generally understood to be to insure the fiduciary’s obligation to the property owner; but the parties are free to fashion the terms of their own agreement (Leghorn v Ross, supra).
*724 In this case Finkelstein agreed in the bond application to “indemnify and save the Company harmless from any and all liabilities * * * counsel fees, and expenses of whatever kind or nature, which it [the surety] shall or may, for any cause, at any time, sustain or incur, or be put to, by reason or in consequence of its having executed said bond”. He further agreed that “if any suit is brought on the bond herein” he would “repay the Company counsel fees and all other costs and expenses to which the Company may be put in defense of such suit”.
The legal fees incurred by the surety in defense of Lori-Kay’s action come within the express terms of this agreement. Here, Finkelstein was sued in his capacity as receiver for his actions in administering the property entrusted to his care pursuant to the court order. USF&G was sued as surety as a result of its having issued the bond to Finkelstein in connection with that receivership. The fact that the suit the surety was required to defend alleged a tort, and not a breach of the fiduciary’s obligation, is of no consequence under the broadly worded terms of this particular indemnification agreement. Thus the courts below should not have dismissed USF&G’s cross claim for counsel fees. •
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, with costs, and defendant United States Fidelity and Guaranty Company’s cross claim against defendant Finkelstein reinstated in a memorandum.