**FIREMAN'S FUND INSURANCE COMPANY, a California corporation, Plaintiff,**

v.

**Paul E. NIZDIL, Defendant.**

**TRANSAMERICA INSURANCE COMPANY, a California corporation, Plaintiff,**

v.

**Paul E. NIZDIL, Defendant.**

**Civil Nos. 88–1426–RE, 88–1456–RE.**

United States District Court, D. Oregon.

March 30, 1989.

Joseph A. Yazbeck, Jr., Robert L. O'Halloran, Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland, Or., for plaintiff Fireman's Fund Ins. Co.

David R. Trachtenberg, Howard W. Carsman, Stafford Frey Cooper & Stewart, Portland, Or., for plaintiff Transamerica Ins. Co.

Douglas M. Fellows, Fellows, McCarthy & Odman, Portland, Or., for defendant.

## OPINION

REDDEN, District Judge:

### BACKGROUND

Defendant Nizdil executed an indemnity agreement with plaintiffs Fireman's Fund Insurance Company (Fireman's Fund) and Transamerica Insurance Company (Transamerica). In consideration for signing the indemnity agreements, plaintiffs posted a Public Official Fidelity Bond, as sureties. On August 2, 1988 and September 14, 1988, Multnomah County made demands on Fireman's Fund and Transamerica respectively for payment on those bonds. Defendant stole funds from the estates of the wards for whom he was appointed Guardian and Conservator. Defendant was subsequently convicted of first degree theft and misconduct by a public official and ordered to pay $160,000 in restitution.

Plaintiffs investigated Multnomah County's claims in an effort to uncover any defenses. The defendant did not cooperate with plaintiffs and offered no assistance in defending the claims. Plaintiffs determined the claims were valid and paid $39,-110,50 (Transamerica) and $90,384.39 (Fireman's Fund) to Multnomah County. Fireman's Fund claims an additional $1500 in expenses incurred in investigating and settling the claims.

Despite demands, defendant has refused to provide collateral security or otherwise repay plaintiffs for their losses.

### STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. *T.W. Electrical Service v. Pacific Electrical Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir.1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable party could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party shows the absence of a genuine issue of material fact, then the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Electrical,* 809 F.2d at 630.

### DISCUSSION

Plaintiffs argue that the defendant expressly agreed to indemnify them in consideration for plaintiffs acting as sureties on bonds. A loss in the amount of $39,110.50 has been incurred by Transamerica and a loss in the amount of $90,384.39 plus costs of investigation of $711.00 has been incurred by Fireman's Fund. Despite repeated demands, defendant has failed to hold plaintiffs harmless.

Defendant argues that plaintiffs overpaid the claim and that he is entitled to a jury decision as to how much he should pay for the remaining damages. Defendant states that plaintiffs have accepted the state circuit court's conclusions that, because defendant personally benefited from some of the checks, all of the checks were improper.

The written Indemnity Agreements signed by defendant supercedes any common law right to indemnity. *Union Pacific Railway Co. v. Bridal Veil Lumber Co.,* 219 F.2d 825, 832 (9th Cir.1955), *cert. denied,* 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849 (1956); *Southern Pacific Co. v. Morrison–Knudsen Co.,* 216 Or. 398, 338 P.2d 665 (1959). Any claim asserted against the surety, regardless if it is valid

or outside the scope of the bond triggers the obligation to indemnify the surety. *United Pacific Insurance Co. v. Timber Access Industries*, 277 F.Supp. 925 (D.Or. 1967) (surety could enforce indemnity agreement upon exposure to claims). Indemnification depends upon interpretation of the indemnity contract and not on the validity or enforceability of the bond. The Ninth Circuit said:

> [E]quity generally implies a right to indemnification in favor of a surety when the surety pays off a debt for which the principal is liable.... there can be no question that a surety is entitled to stand upon the letter of his contract and his undertaking is to be construed strictly in his favor and is not to be extended by implication or inference beyond the scope of its terms.

*Commercial Insurance Co. of Newark, N.J. v. Pacific–Peru Construction Co.*, 558 F.2d 948, 953 (9th Cir.1977) (allowing surety to be reimbursed under terms of the Indemnity Agreement).

Defendant has failed to raise an issue of material fact that would prevent this court from entering summary judgment on plaintiffs' claims against him. The defendant refused to provide plaintiffs with any collateral security to protect or indemnify them from any loss on their bonds. As a result, plaintiffs were free under the terms of their indemnity agreements with defendant to settle any claims in good faith. Defendant does not contend that plaintiffs settled any claims in bad faith. Absent such a finding, plaintiffs, as sureties, were entitled to settle claims against the bond and are now entitled to indemnity for the amounts paid. This is so both under common law and contractual indemnity rights.

## CONCLUSION

The Indemnity Agreements demonstrate that plaintiffs have the right to be indemnified for any loss incurred by reason of posting the bonds. Defendant has not shown any excuse for not reimbursing plaintiffs under the terms of the Indemnity Agreements. Therefore, as a matter of law, defendant is liable for breach of the terms of the Indemnity Agreement. Plaintiffs' summary judgment motions are granted.

Plaintiffs seek attorneys' fees pursuant to the indemnity agreement. They are granted ten (10) days to submit their affidavit on this issue. The defendant will have ten (10) days to file any response. When the attorney fee issue is determined, plaintiffs shall submit the appropriate Judgment form.