**NORTHWESTERN NATIONAL INSUR-
ANCE COMPANY OF MILWAU-
KEE, WISCONSIN, Plaintiff,**

v.

**Michael J. ALBERTS, James R. Alberts,
Cassandra M. Sheehan, Raymond Cos-
grove, Penelope A. Boyle, John C. Mau-
cere, Jerry Silva, Michael L. Metheny,
H.U.A. Resources, Inc., Alton Jones, Ar-
thur Lawson, John J. Muller, Michael J.
O'Connell, Randolph K. Pace, Southern
Companies, Inc., Michael J. McCann,
William Curran, James M. McCabe, Ha-
rold A. Thau, Patrick J. Rooney, Van
Allen Capital Corp., and Robert T. Nor-
ton, Defendants.**

**Raymond COSGROVE, William Curran,
James M. McCabe, John J. Muller, Rob-
ert T. Norton and Harold A. Thau, Coun-
terclaim Plaintiffs,**

v.

**NORTHWESTERN NATIONAL INSUR-
ANCE COMPANY OF MILWAUKEE,
WISCONSIN, and Allan Esrine (a/k/a
Ivan Ezrine), Counterclaim Defendants.**

No. 88 Civ. 3452 (RWS).

United States District Court,
S.D. New York.

June 7, 1993.

Hart & Hume, New York City, for plaintiff; Peter Rieser, of counsel.

Patrick J. Rooney, pro se.

OPINION

SWEET, District Judge.

Plaintiff and counterclaim defendant Northwestern National Insurance Company ("Northwestern") has moved pursuant to Rule 56, Fed.R.Civ.P., for summary judgment against defendant *pro se* Patrick J. Rooney ("Rooney") as to liability on Northwestern's claims against him. For the reasons set forth below, this motion is granted.

*Background*

The underlying facts, the claims at issue, and the prior proceedings in this action are set forth in detail in this Court's prior opinions, familiarity with which is assumed. *See Northwestern Nat. Ins. Co. v. Alberts,* 769 F.Supp. 498 (S.D.N.Y.1991); *Northwestern Nat. Ins. Co. v. Alberts,* 741 F.Supp. 424 (S.D.N.Y.1990); *Northwestern Nat. Ins. Co. v. Alberts,* 717 F.Supp. 148 (S.D.N.Y.1989). Only those facts relevant to the present motion are set forth below.

This motion was originally brought on June 21, 1991 against defendants James R. Alberts, Richard J. Alberts, Cassandra M.

---

Sheehan, Penelope A. Boyle, and Rooney. Oral argument on the motion was postponed as settlement negotiations were undertaken by the parties. In light of the length. of those negotiations, the motion was removed from the Court's calendar without prejudice to be renewed on the original papers. Settlement agreements were entered into with all of these defendants except Rooney.

By letter dated February 19, 1993, Northwestern renewed the Rule 56 motion as to Rooney, and it was taken on submission on March 17, 1993.

### The Material Undisputed Facts

Rooney executed an Assumption Agreement in favor of The Merchants Bank whereby he assumed the obligation. to repay the Southern Reserve, Inc. ("Reserve") indebtedness to The Merchants Bank.[1] Rooney executed an Agreement With Surety in favor of Northwestern whereby he requested that Northwestern issue a surety bond guaranteeing his obligations to The Merchants Bank and agreed to indemnify Northwestern against all loss, cost, and expense, including attorney's fees, incurred by reason of Northwestern issuing such surety bonds.

Rooney then defaulted in making payments due under his Assumption Agreement to The Merchants Bank. As a result, Northwestern was required to make payment of the entire $6,854,000 principal amount plus accrued interest in respect of The Merchants Bank debt.

On April 14, 1989, the bankruptcy trustee of Reserve abandoned the pipeline to Northwestern.

Rooney has failed to reimburse Northwestern for its loss, cost, and expense in violation of the terms and conditions of the Agreement With Surety.

### Discussion

#### I. Rule 56 Standards for Summary Judgment

The Rule 56 motion for summary judgment is "an integral part" of the Federal Rules of Civil Procedure and facilitates the overall purpose of the Rules as stated in Rule 1, namely, "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). A motion for summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Silver v. City Univ. of New York*, 947 F.2d 1021, 1022 (2d Cir.1991).

The Second Circuit has repeatedly noted that "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988) (citing *Celotex v. Catrett*, 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 2556 n. 2, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting) and *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Cartier v. Lussier*, 955 F.2d 841, 845 (2d Cir.1992); *Burtnieks v. City of New York*, 716 F.2d 982, 983–84 (2d Cir.1983). If, when "[v]iewing the evidence produced in the light most favorable to the nonmovant ... a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir.1991).

When a motion for summary judgment is made and the nonmoving party will bear the burden of proof at trial, "Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." *Bay v. Times Mirror Magazines, Inc.*, 936 F.2d 112, 116 (2d Cir.1991). However, if the moving party is still entitled to judgment as a matter of law after all the facts alleged by the nonmoving party are resolved in his favor as true, then any remaining factual disputes are neither "genuine" nor "material" and will not

---

1. *See Northwestern*, 769 F.Supp. at 501–05 (discussing the partnership, the pipeline project, and the nature of the Assumption Agreement).

prevent the court from granting the motion. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("a material fact is 'genuine' ... if the evidence is such that a reasonably jury could return a verdict for the nonmoving party"). Thus, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Finally, the court must look to the substantive law to determine which facts are "material," to wit, disputed facts that might affect the outcome of the suit under governing law. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. It follows, then, that "[e]ntry of summary judgment indicates that no reasonable jury could return a verdict for the losing party." *Coach Leatherware Co. v. AnnTaylor, Inc.,* 933 F.2d 162 (2d Cir.1991).

## II. *Rooney Is Liable Under The Terms Of The Agreement With Surety*

The New York Court of Appeals has stated in unequivocal terms the binding nature of a surety agreement:

> As a general rule a surety is equitably entitled to full indemnity against the consequences of a principal obligor's default. This includes the right to reimbursement for legal fees incurred in defending an action brought against the principal even though it may be groundless. The purpose of a receiver's bond is generally understood to be to insure the fiduciary's obligation to the property owner; but the parties are free to fashion the terms of their own agreement.

*Lori–Kay Golf, Inc. v. Lassner,* 61 N.Y.2d 722, 723, 472 N.Y.S.2d 612, 613–14, 460 N.E.2d 1097, 1098–99 (1984) (citations omitted).

The Agreement With Surety executed by Rooney states that:

> 3. I agree to indemnify Northwestern and hold it harmless against any and all losses, liability, costs, claims, damages, and expenses, internal or external, or whatever kind and nature including but not limited to investigative, accounting, engineering, the fees and disbursements of counsel whether on salary, retainer or otherwise,

which Northwestern may sustain or incur for or by reason of issuing said Financial Guarantee Bond on my behalf guaranteeing my obligations under my Assumption Agreement.

Therefore, Rooney is liable under the terms and conditions of the Agreement With Surety to indemnify Northwestern for payments it made on his behalf to The Merchants Bank and for Northwestern's attorney's fees and expenses.

In light of the fact that Rooney has failed to offer any response in opposition to this motion, this is clearly a situation in which "a rational trier could not find 'for [Rooney, thus] there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder,* 933 F.2d at 191.

### *Conclusion*

For the reasons set forth above, Northwestern's Rule 56 motion for summary judgment against defendant Rooney as to liability on Northwestern's claims against him is granted.

It is so ordered.