■ EBASCO CONSTRUCTORS, INC., Plaintiff, v A.M.S. CONSTRUCTION CO., INC., Respondent, and INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. ENRICO AMBROGI et al., Third-Party Defendants-Respondents. [599 NYS2d 866] —In an action to recover damages for breach of contract, the defendant International Fidelity Insurance Company appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered March 19, 1991, which (1) granted the motion of the defendant A.M.S. Construction Co., Inc., and the third-party defendants for reargument of the motion of International Fidelity Insurance Company for summary judgment against them which was granted by order dated September 28, 1990, (2) upon reargument, vacated the order dated September 28, 1990, and denied the motion of International Fidelity Insurance Company for summary judgment, and (3) denied as academic the motion of International Fidelity Insurance Company for leave to reargue the denial of its application for an award of interest.

Ordered that the order is modified, on the law, by deleting the provisions thereof which vacated the prior order dated September 28, 1990, and denied the motion for summary judgment, and substituting therefor provisions (1) adhering to the original determination granting summary judgment, and

(2) amending the prior order to grant the appellant prejudgment interest; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

It cannot be said that the Supreme Court erred in granting reargument. A motion for reargument is addressed to the sound discretion of the court which decided the prior motion and reargument may be granted upon a showing that the court "overlooked *or* misapprehended the facts *or* law *or* for some reason mistakenly arrived at its earlier decision" *(Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410, 411 [emphasis supplied]). An allegation of new material facts is necessary for renewal, but not reargument *(see, Delcrete Corp. v King,* 67 AD2d 1099).

However, while reargument was properly granted here, the court should have adhered to the original determination granting the appellant summary judgment. The defendant A.M.S. Construction Co., Inc. (hereinafter A.M.S.) and the third-party defendants issued to the surety International Fidelity Insurance Company general indemnity agreements to induce the surety to issue a performance bond required under A.M.S.'s contract with Ebasco Constructors, Inc. (hereinafter Ebasco). The indemnity agreements provided the surety with the right to settle any claim, unless the indemnitors requested the surety to defend the claim and simultaneously deposited with the surety collateral sufficient to pay any judgment. The indemnitors also agreed to pay the surety for any disbursements made in good faith in connection with the bond. Thereafter, the surety settled a claim against A.M.S. by Ebasco.

In light of the indemnitor's failure to deposit collateral with the surety upon demand, the surety had a right under the indemnification agreements to settle the claim. Moreover, notwithstanding any possible defenses, we cannot find an absence of good faith on the part of the surety. Therefore, the surety was entitled to summary judgment against the indemnitors *(see, Maryland Cas. Co. v Grace,* 292 NY 194; *Home Indem. Co. v Wachter,* 115 AD2d 590). In light of the foregoing, the matter must be remitted to the Supreme Court, Westchester County, for an award of interest. Under the circumstances of this case the surety is entitled to prejudgment interest pursuant to CPLR 5001. Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.

■ ZANIFA FIGARO, an Infant, by Her Mother and Natural