896 F.Supp. 163 (1995)
BANQUE NATIONALE DE PARIS S.A.  DUBLIN BRANCH  successor in interest to Banque Nationale de Paris (Ireland) Limited, Plaintiff,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant.
INSURANCE COMPANY OF NORTH AMERICA, Third-Party Plaintiff,
v.
FEI, LTD., John J. Fogarty and Jean Fogarty, Third-Party Defendants.
No. 93 Civ. 7791 (LAK).
United States District Court, S.D. New York.
September 11, 1995.
Harold H. Wolgel, Lynne K. Salinger, Gottesman, Wolgel, Secunda, Malamy & Flynn, P.C., New York City, for third-party plaintiff.
Daniel J. O'Callaghan, New York City, for third-party defendants.

MEMORANDUM OPINION
KAPLAN, District Judge.
The complaint in this case, which was commenced by plaintiff Banque Nationale de Paris ("BNP"), seeks $300,000 from Insurance Company of North America ("INA") pursuant to the terms of a Financial Guaranty *164 Bond. The bond, executed on December 9, 1983, guaranteed payment of a $300,000 loan made by BNP to FEI, Ltd. ("FEI"). (See Bond, Killeen Aff. Ex. 2) Each third party defendant, FEI, John J. Fogarty and Jean Fogarty, agreed to indemnify INA "for any and all such losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, ... (3) In enforcing any of the covenants and conditions of this Agreement." (Agreement of Indemnity, Killeen Aff. Ex 1 ¶ 2)
On July 20, 1993, BNP alleged that FEI failed to repay the $300,000 loan and demanded that INA honor its obligation to make the payment. (See Killeen Aff. Ex. 3) On or about November 12, 1993, BNP brought suit against INA. (Cpt, Killeen Aff. Ex. 5) INA settled the action with BNP for $200,000 and brought suit, in June 1994, against the third party defendants for the amount of the settlement plus all expenses, including attorneys fees, incurred. (Third Party Cpt, Killeen Aff. Ex. 7) INA now moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, against third party defendants.

Discussion
In order to prevail on the motion for summary judgment, the third party plaintiff must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). It must demonstrate this on the basis of affidavits "made on personal knowledge ... set[ting] forth such facts as would be admissible in evidence, and show[ing] affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e). In order to defeat the motion, the adverse parties must set forth, also by affidavits, specific facts showing that there is a genuine issue for trial.

INA's Right to Settle
Third party defendants assert first that there is a genuine issue of material fact relating to INA's right to settle the underlying claim of BNP in this litigation. They are mistaken.
The indemnity agreement provides that INA has "the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds unless the Principal and the Indemnitors shall request the Surety to litigate such claim or demand ... and shall deposit with the Surety at the time of such request cash or collateral satisfactory to the Surety." (Agreement of Indemnity, Killeen Aff. Ex. 1 ¶ 11) Defendants have not offered any evidence to show that they provided INA with the cash or collateral required by the agreement. In fact, third party defendant John J. Fogarty affirms that he advised INA "of the financial inability" of the third party defendants "to advance any funds to INA concerning the BNP claims." (J. Fogarty Aff. ¶ 15) As a result of this failure to meet the requirements of the indemnity agreement, INA was free to settle any claims in good faith. See, e.g., Fireman's Fund Insur. Co. v. Nizdil, 709 F.Supp. 975, 977 (D.Or. 1989) (as a result of failure to provide surety with collateral security required by indemnity agreement, surety was free to settle claims under terms of the agreement); Ebasco Constructors, Inc. v. A.M.S. Construction Co., Inc., 195 A.D.2d 439, 440, 599 N.Y.S.2d 866, 867 (2d Dep't 1993) (same); cf. LoriKay Golf, Inc. v. Lassner, 61 N.Y.2d 722, 472 N.Y.S.2d 612, 460 N.E.2d 1097 (1984). There is no triable issue material to INA's right to settle the claim.

Settlement Made in Good Faith
FEI asserts that INA's settlement payment to BNP was not made in good faith. In support of this assertion, third party defendant John J. Fogarty attests that he advised INA's counsel that there appeared to be two defenses to BNP's claim and, rather than amending its answer or making a motion based on the defenses, that INA settled the claim. (J. Fogarty Aff. ¶¶ 13-15) The Court holds, however, that defendants have failed to raise a genuine issue of fact material to this allegation of bad faith.
The implied duty of good faith and fair dealing prevents any party to a contract *165 from depriving another party of the benefits of the agreement. See Filner v. Shapiro, 633 F.2d 139, 143 (2d Cir.1980). A performance in good faith entails acting with a "faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." RESTATEMENT (SECOND) CONTRACTS § 205, comment a (1981).
Here, INA acknowledges that the third party defendants advised it of the alleged defenses, but it is also undisputed that INA investigated and evaluated those alleged defenses before settling for sixty-seven cents on the dollar. (See Wolgel Aff. ¶¶ 7-8 & Exs. 5-9) There is not a scintilla of evidence, as distinct from conclusory assertions, that INA acted inappropriately. Indeed, it obviously was in INA's economic interest to press the alleged defenses for all they were worth, as the third party defendants' failure to post collateral meant that INA's own funds were at risk on BNP's claim. There is no evidence that INA failed to extract in the settlement whatever value could be derived from the alleged defenses.
The Court's conclusion that INA is entitled to judgment is supported by analogy to the business judgment rule in corporate law. The management of corporate affairs is entrusted by contract (i.e., the certificate of incorporation) and statute[1] to the board of directors. In view of the role of the board and its superior expertise in business matters relative to a reviewing court, informed business judgments by boards are presumed appropriate absent a showing of self-interest or fraud. See, e.g., Burton v. Exxon Corp., 583 F.Supp. 405, 415 (S.D.N.Y.1984); ROBERT CHARLES CLARK, CORPORATE LAW § 3.4, at 123-24 (1986).
So too, here. INA was charged by contract with the authority to settle this claim. It informed itself as to the pertinent matters. Absent self interest or fraud, and none is shown,[2] its decision ought to be regarded as presumptively correct. Certainly it was in a better position to assess the value of the claim that it settled than would be a reviewing court.

Rule 56(f) Application
Third party defendants apply pursuant to FED.R.CIV.P. 56(f) for a continuance to permit further discovery in order to respond to INA's motion for summary judgment. Under Rule 56(f), if it appears that the party opposing the motion cannot "present by affidavit facts essential to justify the party's opposition," then the Court may deny the motion for summary judgment or "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had."
To prevail on a Rule 56(f) application, third party defendants were obliged to submit an affidavit explaining (1) the nature of the uncompleted discovery; (2) how the discovery is expected to establish the existence of a genuine issue of material fact; (3) what efforts have been made to obtain the evidence; and (4) why those efforts were unsuccessful. Burlington Coat Factory Warehouse v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir.1985); Ying Jing Gan v. City of New York, 996 F.2d 522, 532-33 (2d Cir.1993); Travelers Insur. Co. v. Lewis, 756 F.Supp. 172, 180 (S.D.N.Y.1991) (quoting Contemporary Mission, Inc. v. New York Times Co., 665 F.Supp. 248, 269 (S.D.N.Y.1987), aff'd, 842 F.2d 612 (2d Cir.1988)).
In support of the Rule 56(f) application, third party defendant John J. Fogarty submitted an affidavit in which he attested to the need for further discovery of FEI's bank records from BNP. (J. Fogarty Aff. ¶ 17) However, he has failed to show that the documents are likely to change the outcome of this motion for summary judgment. Fogarty merely makes a general allegation that the undiscovered bank records will assist the *166 third party defendants in their defense. (See id. ¶¶ 16-17)
As third party defendants have offered no reasonable basis from which to infer that discovery would produce evidence of the existence of a genuine issue of material fact that would defeat this summary judgment motion, the Court holds that there is no basis for Rule 56(f) relief.
Accordingly, third-party plaintiff's motion for summary judgment is granted.
SO ORDERED.
NOTES
[1] E.g., N.Y.BUS.CORP.L. § 701 (McKinney 1986).
[2] INA of course was self interested in the sense that its own funds were at risk in the BNP suit, but its interest was the same as that of the third party defendants  to minimize any payment to BNP. The self interest that is required to overcome the business judgment rule is a personal interest on the part of a director that is adverse to the interest of the corporation, which is a different matter entirely. See DENNIS J. BLOCK, NANCY E. BARTON & STEPHEN A. RADIN, THE BUSINESS JUDGMENT RULE 22 (4th ed. 1993).