In the Matter of BENJAMIN D. SHERMAN, Appellant. UNITED PACIFIC INSURANCE Co. et al., Respondents. [715 NYS2d 746] —In a proceeding to settle the final account of a guardian of an incapacitated person, the guardian appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated May 3, 1999, as awarded an attorney's fee to the respondents.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Under the circumstances of this case, the Supreme Court's award of an attorney's fee to the respondent Myriam Zylbernagel, the guardian's sister, and the respondent United Pacific Insurance Co., the guardian's surety, was proper. The guardian, the sole beneficiary and executor of his mother's estate, was removed as her guardian for his refusal to pay her nursing home costs from her assets and, after her death, to turn over certain savings bonds which were then payable to his sister. The attorney's fee at issue was incurred in connection with the sister's subsequent petition for the appointment of a special guardian and to compel a final accounting (*see,* Mental Hygiene Law art 81), in which the court, *inter alia,* directed the guardian to turn over the savings bonds. The guardian's surety properly appeared in the sister's proceeding since it was exposed to liability by her claim of conversion by the guardian. Furthermore, the broad provisions of the guardian's indemnity contract entitled the surety to recover an attorney's fee from the guardian for a fee incurred in that proceeding (*see, Lori-Kay Golf v Lassner,* 61 NY2d 722). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.