■ In the Matter of Estate of Tom Gjokaj, Also Known as Tome Gjokaj, Also Known as Thomas Gjokaj, Deceased. Salvatore Calcagno, Respondent; Fidelity & Deposit Company of Maryland et al., Respondents; Pashko Gjokaj, Appellant. [780 NYS2d 756]—

In a proceeding to fix and determine the liability of Fidelity & Deposit Company of Maryland, as surety on the bond of Pashko Gjokaj, as co-administrator of the goods, chattels, and credits of Tom Gjokaj, also known as Tome Gjokaj, also known as Thomas Gjokaj, deceased, Pashko Gjokaj appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated June 16, 2003, as approved a stipulation and order dated December 3, 2003, between and among the petitioner-respondent Salvatore Calcagno, and the respondents-respondents Fidelity & Deposit Company of Maryland and Sandra N. Conchado, settling Salvatore Calcagno's application to fix and determine the liability of Fidelity & Deposit Company of Maryland.

Ordered that the decree is affirmed insofar as appealed from, with one bill of costs.

The Surrogate's Court properly approved the stipulation and order (hereinafter the settlement) dated December 3, 2003, be-

tween and among the petitioner-respondent Salvatore Calcagno and the respondents-respondents Fidelity & Deposit Company of Maryland (hereinafter F&D) and Sandra N. Conchado. The indemnity agreement between F&D and the appellant, the former administrator of the decedent's estate, gave F&D the right to settle any claim, unless the appellant, inter alia, requested that F&D litigate the claim and deposited the appropriate collateral with F&D. In light of the appellant's failure to deposit collateral with F&D in accordance with the indemnity agreement, F&D had the right to settle the claim over his objection (*see Ebasco Constructors v A.M.S. Constr. Co.*, 195 AD2d 439, 440 [1993]). We further note that the settlement was entered into after this Court affirmed the denial of the appellant's petition to vacate the final decree of the Surrogate's Court, Nassau County, entered upon his default, on the ground that, inter alia, he failed to demonstrate the existence of a meritorious defense (*see Matter of Gjokaj*, 286 AD2d 330 [2001]). Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.