HARTFORD FIRE INSURANCE COMPANY, INC., Appellant, v EDGEWATER CONSTRUCTION CO., INC., et al., Respondents, et al., Defendant. [801 NYS2d 875]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered August 6, 2004 in an indemnity action. The order denied plaintiff's motion for summary judgment against defendants Edgewater Construction Co., Inc., W. Gary Craig and Thomas R. Kennedy.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and as modified the order is affirmed without costs, and judgment is ordered in accordance with the

following memorandum: Plaintiff, as surety, provided defendant Edgewater Construction Co., Inc. (Edgewater) with performance and payment bonds in connection with a building construction project, and Edgewater and its principals, including defendants W. Gary Craig and Thomas R. Kennedy, entered into a "General Indemnity Agreement" pursuant to which they agreed to indemnify plaintiff for losses and expenses incurred with respect to the bonds. Plaintiff commenced this action seeking, inter alia, reimbursement of sums paid by plaintiff to Cranesville Block Company, Inc. (Cranesville) pursuant to the payment bond, reimbursement for repairs made to stabilize the subject building, and legal fees incurred in defending the actions brought against plaintiff as a result of the bonds. Plaintiff thereafter moved for summary judgment based on the alleged breach of the indemnity agreement, seeking the amount of $463,278 plus interest "as reimbursement for those expenses it has incurred as surety." Supreme Court denied plaintiff's motion, and plaintiff appeals.

We conclude that the court properly denied that part of plaintiff's motion seeking reimbursement for both the amounts expended in stabilizing the subject building pursuant to the performance bond and the legal fees incurred in connection with plaintiff's defense of the actions against plaintiff and Edgewater. Here, plaintiff had the burden of establishing both that the payments for the construction costs incurred in stabilizing the building to mitigate damages and the payments for legal fees were made in good faith, and that the amounts were reasonable (see North Am. Specialty Ins. Co. v Schuler, 291 AD2d 924, 925 [2002]). Although plaintiff met its burden of establishing that the payments were made in good faith, there is a triable issue of fact whether those payments were reasonable under the terms of the indemnity agreement at issue (see generally Federal Ins. Co. v Walker, 53 NY2d 24, 34-35 [1981], rearg denied 54 NY2d 753 [1981]).

We agree with plaintiff, however, that the court erred in denying that part of its motion with respect to the amount expended in satisfying the judgment obtained by Cranesville against plaintiff and Edgewater pursuant to the payment bond. The judgment was entered based on the failure of Edgewater and its president to pay for materials furnished as part of the construction of the subject building. We conclude that plaintiff met its initial burden on that part of the motion by establishing that the payments were reasonable under the terms of the indemnity agreement at issue (see generally id.), and Edgewater, Craig and Kennedy (collectively, defendants) failed to raise a triable issue

of fact in response (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore modify the order accordingly, and we order that judgment be entered in favor of plaintiff and against defendants in the amount of $84,649.35, together with interest commencing September 10, 1996, the date of payment to Cranesville. Present—Green, J.P., Scudder, Kehoe and Smith, JJ.