COLLINS L. MILES, Doing Business as COPAKE LUMBER & SUPPLY, Respondent, v. EDWIN L. HOUGHTALING, JR., Appellant, et al., Defendant.— HERLIHY, J. Appeal by the individual defendant from an order of the Supreme Court at Special Term, entered June 27, 1968 in Columbia County, which granted partial summary judgment in favor of plaintiff, and from the judgment entered thereon. On February 10, 1964 the appellant executed a promissory note in favor of the plaintiff for supplies purchased from the plaintiff and used in the appellant's construction business. On April 15, 1964 the appellant incorporated his business. The plaintiff moved for partial summary judgment based upon the promissory note. The affidavit of appellant in opposition to summary judgment generally asserts that at the time he incorporated his business he and the plaintiff had an understanding that all of his obligations to plaintiff would be taken over upon plaintiff's books as obligations of the corporation. The plaintiff by reply affidavit denied any such agreement. The appellant's attorneys then submitted an affidavit and amended answer (accepted by plaintiff) and in this affidavit and the amended answer the defense of novation is asserted. The amended answer was verified and therein it is stated that the plaintiff and the defendant corporation agreed for a valuable consideration that the corporation "should be substituted * * * as a debtor of the plaintiff for the * * * promissory note in place and instead of this defendant [appellant], and this defendant [appellant] be released from all liability and obligation to this plaintiff.". Special Term held that the plaintiff was a holder in due course for value of the note. The present record, however, establishes that plaintiff was only a holder of the note, and as plain-

tiff recognizes in his brief, he is subject to the defense of novation. (See Uniform Commercial Code, § 3–302, subd. [1], par. [c], § 3–304, subd. [1], par. [b].) The court also held that the parol evidence rule prevented proof of an oral novation of the written instrument and that such an oral agreement was barred by the Statute of Frauds as an agreement to answer the debt of another. The parol evidence rule does not preclude the affirmative defense of novation. Necessarily, the oral agreement claimed to constitute a novation was entered subsequent to the execution of the instrument. The case of *Leumi Fin. Corp.* v. *Richter* (17 N Y 2d 166), cited by Special Term, merely prevents the use of contemporaneous parol agreements to modify the written agreement or instrument in the absence of fraud. Where, however, the parties subsequently agree to modify the existing contract there need not be a writing, particularly if the written document does not require it (*Solomon* v. *Vallette*, 152 N. Y. 147; *Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380; *Dunn* v. *Bloom*, 15 A D 2d 687; Richardson, Evidence [9th ed.], § 597). Upon the present record it cannot be said as a matter of law that the oral agreement of the parties was an executory accord (cf. *Langlois* v. *Langlois,* 5 A D 2d 75) or a promise to answer the debt of another. A novation is not an agreement to answer the debt of another and is not within the Statute of Frauds. It is a new and separate agreement in itself by virtue of which the old debt is extinguished. (*Claggett* v. *Donaldson,* 238 App. Div. 831; *Goldbard* v. *Empire State Ins. Co.*, 5 A D 2d 230, 233.) It may well be that upon the trial the appellant will be unable to prove that the parol agreement, if there was one, made with the intent to discharge him and substitute the corporation, but upon the present record there is a question of fact as to whether there was any agreement by the parties to this appeal and if so, what their intention was. The grant of summary judgment was erroneous. Order and judgment reversed, on the law and the facts, and motion for partial summary judgment denied, without costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Herlihy, J.