■ IDA WASSERSTROM et al., as Executors of LOUIS WASSERSTROM, Deceased, Appellants, v INTERSTATE LITHO CORP., Respondent.—In an action upon a promissory note, plaintiffs appeal from an order of the Supreme Court, Nassau County

(Christ, J.), dated November 5, 1984, which denied their motion for summary judgment.

Order reversed, on the law, with costs, and motion granted.

Plaintiffs' decedent, Louis Wasserstrom, was president and a shareholder of Sterlip Merrimac Printing Corp. (hereinafter Sterlip). On September 13, 1982, Sterlip sold substantially all of its assets to defendant for the sum of $425,000. On that same date, defendant executed and delivered to Sterlip a promissory note in the sum of $400,000 payable in monthly installments until September 13, 1986. The promissory note recited that it was the note referred to in a security agreement executed contemporaneously between the parties. At the closing, the parties also executed a sales agreement which envisioned the execution of employment agreements between defendant, as purchaser, and Wasserstrom and two other shareholders of Sterlip. The contract of sale noted that the obligation of Sterlip to sell the assets and defendant's obligation to purchase same were subject to the execution of such employment agreements at the closing. Because of a dispute concerning the terms of his employment, Wasserstrom did not sign such an agreement at the closing, and negotiations concerning his employment continued for some months thereafter.

In addition, on September 13, 1982, Sterlip assigned the promissory note to its shareholders. Pursuant to the assignment, Wasserstrom received an undivided 28½% interest in the note and all sums payable thereunder.

Defendant defaulted on the note when the first installment became due. Immediately thereafter, defendant was notified of the default and the balance was declared due. No part of the note has been paid.

Following Wasserstrom's death, the plaintiff executors commenced the instant action seeking the sum of $114,000 plus interest. Defendant's answer included the affirmative defenses of modification and/or novation of the promissory note, the security agreement, and the obligations imposed thereby. Special Term denied plaintiffs' subsequent motion for summary judgment, stating that "the existence of triable issues of fact regarding the possible novation of the original agreement precludes the grant of judgment at this time". We reverse.

With respect to defendant's contention that the employment agreement signed by Wasserstrom provided for a modification in the amount of payment due on that portion of the promissory note assigned to him, we note that this agreement makes

absolutely no reference to the promissory note and cannot be considered to have modified it in any way. The employment agreement provided defendant with several options regarding any alleged breach on Wasserstrom's part, but the right to withhold payments due under the note was not among them.

Defendant has also contended that certain documents drafted by counsel in December 1982 were intended to settle the dispute between the parties and to modify and discharge the amount of money payable to Wasserstrom, and that there are thus material questions of fact regarding its obligations to him under the note. We find this argument to be unpersuasive.

The documents in question provided for the settlement of all matters between defendant and Wasserstrom for the sum of $66,000, of which the latter was to receive $30,000 at closing and the balance pursuant to a promissory note to be issued by defendant and another corporation. Wasserstrom was also to terminate his interest in the security agreement assigned by Sterlip to its shareholders. Defendant never signed the settlement documents and they were returned from escrow to Wasserstrom's counsel in April 1983.

Initially, we note that the settlement documents could not create a novation inasmuch as the original contract between Wasserstrom and defendant had already been breached by the latter's failure to pay upon the promissory note when the first installment became due *(see, Bandman v Finn,* 185 NY 508, 512-514). Furthermore, the requisite elements of a novation, each of which must be present *(Griggs v Day,* 136 NY 152, 160, *rearg denied* 137 NY 542), include a previous valid obligation, agreement of all parties to the new obligation, extinguishment of the old contract, and a valid new contract *(Town & Country Linoleum & Carpet Co. v Welch,* 56 AD2d 708). In the matter at bar, defendant never agreed to the new contract, as is clearly evidenced by its refusal to sign it. Thus, a valid new contract was never created.

A novation may occur, under certain circumstances, when the parties clearly demonstrate their intention to create a new contract in substitution of another and a new written agreement is never executed *(see, Bandman v Finn, supra).* In the *Bandman* case *(supra),* the party who refused to sign the new agreement acted as if it were a nullity and assigned the prior contract to one who prosecuted an action based upon it. Here, defendant refused to sign the settlement documents but now seeks to rely upon them as if they were in effect. The settle-

ment agreement itself provided that it would be binding only upon execution.

In addition, a novation requires that valuable consideration be given for the new contract *(Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521, 529, *appeal dismissed* 47 NY2d 951). Although discharge of the original contract usually constitutes sufficient consideration for the substituted contract *(Town & Country Linoleum & Carpet Co. v Welch, supra),* the original obligation at bar was not discharged in light of defendant's failure to execute the settlement documents. Consideration would have been supplied had defendant paid the $30,000 immediately to Wasserstrom and issued its promissory note to him in the amount of $36,000. These actions never occurred.

Finally, mere deposit of the settlement documents with an escrow agent did not create a novation, since release of those documents to defendant from escrow was conditioned on its execution thereof as well as payment of $30,000 and issuance of the required promissory note. As none of these conditions was satisfied, Wasserstrom was entitled to the return of the settlement documents executed by him *(see, Rollin v Grand Store Fixture Co.,* 231 App Div 47). Thus, we conclude that there are no triable issues of fact and plaintiffs are entitled to summary judgment. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.