■ Paul Fallati, Respondent, v Mary T. Mackey, Appellant. [818 NYS2d 341]—

Spain, J. Appeal from an order of the Supreme Court (Doyle, J.), entered January 31, 2006 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment.

This is an action for specific performance of an October 1, 2004 contract whereby defendant agreed to sell a parcel of real property to plaintiff. The contract contained an anticipated closing date of on or about November 30, 2004. After defendant failed to respond to letters from plaintiff announcing his readiness to close and seeking to schedule a closing date, plaintiff commenced this action in February 2005. Plaintiff then successfully moved for summary judgment, prompting this appeal by defendant.

To obtain summary judgment for specific performance of a real estate contract, plaintiff must "demonstrate that [he] substantially performed [his] contractual obligations and [was] ready, willing and able to fulfill [his] remaining obligations, that defendant was able but unwilling to convey the property and that there is no adequate remedy at law" (*Alba v Kaufmann*, 27 AD3d 816, 818 [2006]; *see Mercer v Phillips*, 252 AD2d 900, 901 [1998]). In support of his motion, plaintiff submitted evidence of the contract terms and his compliance with or waiver of all contingencies found therein. In his affidavit, he stated that after defendant declined to further extend the time for inspection of an underground fuel tank on the property, he informed defendant by letter that he was willing to purchase the property without the inspection. After defendant failed to respond, plaintiff sent another letter stating that he was ready, willing and able to close title on the property. In a third letter, plaintiff informed defendant that time was of the essence and indicated that if the transaction did not close within another 30 days, he would commence legal action. It is undisputed that defendant did not respond to plaintiff's correspondence and that title was never transferred as contemplated by the parties' contract. Accordingly, the burden shifted to defendant to produce evidentiary proof in admissible form sufficient to raise a material issue of fact to avoid summary judgment (*see Thomas v Laustrup*, 21 AD3d 688, 690 [2005]).

In opposition, defendant relies on the undisputed fact that, without defendant's knowledge, plaintiff submitted an "Application For Subdivision" of the property to the Town of Guilderland, Albany County, in November 2004, seeking to

divide the property into two parcels. The printed form contains a statement that he is either the owner or has the written permission of the owner to make the application. According to defendant, plaintiff defrauded her by attempting to obtain permission from the Town to subdivide the property without her approval, that his subdivision application was fraudulent because plaintiff falsely reported that he had the authority to seek Planning Board approval to subdivide the property and, by virtue of this conduct, plaintiff has unclean hands, entitling her to equitable relief.

None of defendant's assertions establishes the existence of a material issue of fact sufficient to defeat plaintiff's motion for summary judgment. First, we note that on plaintiff's application for subdivision approval, he clearly indicates that he is not the owner, but the "contract vendee" of the property; indeed, "contract vendee" is one of the categories of applicant specifically listed by the Town for selection, indicating that the Town is in the practice of entertaining subdivision applications from prospective purchasers in anticipation of closing. No evidence exists that the application in any way impacted the property's value or defendant's enjoyment as title owner. In any event, even if plaintiff was attempting to deceive the Town about his status or obtain subdivision approval by fraud, neither that fact nor the disputed issue of whether defendant knew or should have known of plaintiff's plans to subdivide the property has any bearing on defendant's obligation to fulfill her promises under the contract because the contract contains no contingencies or restrictions related to subdividing the property. Accordingly, plaintiff was properly awarded summary judgment and, inasmuch as a unique parcel of real property is at issue, specific performance is the appropriate remedy (*see Alba v Kaufmann, supra* at 818; *EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 52 [2004], *lv dismissed* 3 NY3d 656 [2004], *lv denied* 3 NY3d 607 [2004]).

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.