Lynch, J.
 

 Appeal from an order of the Supreme Court (Tail-leur, J.), entered December 12, 2016 in Greene County, which, among other things, granted plaintiff’s cross motion for partial summary judgment.
 

 This action arises from a June 2010 memorandum of understanding (hereinafter MOU) wherein defendants agreed to finance the sale to plaintiff of four parcels of land, totaling approximately 100 acres, for $300,000. Relevant here, the MOU stated that the purchase price of the first 7.8-acre parcel (hereinafter parcel one) was $60,000. The “basic terms” of the sale were that plaintiffs would make an initial $10,000 down payment then monthly payments in the amount of at least $5,000 for five years at a 6% interest rate on the balance. The MOU further provided that all four parcels would be deeded to plaintiff “[ajfter $100,000 in principal payments [were] made” and that plaintiff would pay $60,000 of the principal by November 2010, at which time defendants would convey parcel one to plaintiff “with a mortgage of $40,000 remaining on it (the remaining principal amount of $40,000 having been spread over the other parcels).”
 

 Plaintiff made the $10,000 down payment in June 2010 and a $5,000 monthly payment from July 2010 until September 2011. In August 2011, having made more than $60,000 in principal payments, plaintiff demanded that defendants provide the deed for parcel one. Defendants declined. Nonetheless, plaintiff took possession of parcel one and made considerable improvements to the property. With some exceptions, plaintiff continued to make regular monthly payments, albeit in varying amounts, from May 2012 until November 2013. In April 2014, defendants commenced a summary proceeding to evict plaintiff, mischaracterizing their relationship as landlord and tenant. The parties then executed a “contract for purchase and sale of real estate” (hereinafter the April 2014 agreement) that involved the sale of two parcels—including parcel one— totaling approximately 60 acres for $175,000 at a 6% interest rate. The April 2014 agreement provided that plaintiff would begin to make weekly payments “deemed rent [and] not refundable” if the property did not close. In July 2014, a court order was issued in defendants’ favor requiring plaintiff to come current on his payments or face eviction. In August 2014, the parties executed a third contract (hereinafter the August 2014 agreement) wherein they agreed that plaintiff would purchase parcel one—as adjusted to approximately 12 acres by an intended boundary line agreement—for $76,000, payable in weekly installments. As in the April 2014 agreement, the weekly payments were characterized as rent in the event that the property did not close. Notably, neither the April 2014 agreement nor the August 2014 agreement referred to the MOU or credited any of plaintiffs previous payments.
 

 In September 2015, plaintiff commenced this action seeking specific performance of the MOU, an equitable lien on parcel one, a constructive trust in the amount that plaintiff had paid defendants and to have the April 2014 and August 2014 agreements declared null and void because they were unconscionable, coerced or executed under duress. Defendants joined issue and filed counterclaims, including that plaintiff breached “the contracts and agreements” between the parties. Thereafter, defendants moved for, among other things, summary judgment dismissing the complaint and plaintiff cross-moved for, among other things, partial summary judgment on his cause of action for specific performance. Supreme Court, among other things, granted plaintiffs cross motion for partial summary judgment and directed defendants to deliver a deed to parcel one. Defendants now appeal.
 

 Defendants’ primary argument on this appeal is that plaintiff is not entitled to specific enforcement of the MOU because the April 2014 agreement was a novation and rescission of the MOU, the August 2014 was a novation and rescission of the April 2014 agreement and plaintiff failed to make the payments required pursuant to any of these agreements. Generally, a novation can be raised as a defense to an action on an existing agreement where a new agreement extinguishes any obligations arising from the existing agreement (see Miles v Houghtaling, 32 AD2d 714, 715 [1969]). “A novation has four elements, each of which must be present in order to demonstrate novation: (1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract” (Callanan Indus. v Micheli Contr. Corp., 124 AD2d 960, 961 [1986] [citations omitted]). If a party breaches a preexisting contract, there can be no novation because the first element is negated (see Wasserstrom v Interstate Litho Corp., 114 AD2d 952, 954 [1985]).
 

 In support of their motion for summary judgment, defendants rely on an affidavit by their attorney, the MOU, the April 2014 and August 2014 agreements and account statements— purportedly prepared by defendants—listing plaintiff’s periodic payments pursuant to all three agreements. There is no dispute that plaintiff failed to pay $60,000 in principal payments by November 2010 as required by the MOU. Nonetheless, the submissions confirm that plaintiff made and defendants accepted “semi-regular” payments from July 2010 through September 2011, and that plaintiff had paid more than $60,000 in principal by August 2011. By November 2013, plaintiff had paid more than $86,000 on the four parcels. After the parties executed the April 2014 agreement, plaintiff paid and defendant accepted periodic payments in excess of $10,000 through July 2014. Defendants’ submissions indicate that by the time plaintiff commenced this action, he had paid more than $96,000 towards the purchase of parcel one as described in the MOU.
 

 We agree with Supreme Court’s determination that plaintiff did not breach the MOU. Initially, defendants do not challenge Supreme Court’s characterization of the MOU as an installment land purchase contract that gave plaintiff “equitable title to the property and an equitable lien in the amount of the payment” (Heritage Art Galleries v Raia, 173 AD2d 441, 441 [1991] [internal quotation marks and citation omitted]). Where, as here, such an agreement does not include a provision that time is of the essence, the purchaser may tender performance within a reasonable time after the specified date for payment (see Highbridge Dev. BR, LLC v Diamond Dev., LLC, 67 AD3d 1112, 1114 [2009]). “[A] seller may unilaterally convert [a] contract into one making time of the essence by giving the buyer clear, unequivocal notice and a reasonable time to perform” (Mills v Chauvin, 103 AD3d 1041, 1044 [2013] [internal quotation marks and citations omitted]). Defendants gave no such notice here. Rather, by accepting plaintiff’s late payments over time, defendants waived their right to demand timely payments and plaintiff was entitled to assert his rights under the MOU (see Snide v Larrow, 93 AD2d 959, 959 [1983], affd 62 NY2d 633 [1984]).
 

 Defendants do not dispute that, in August 2011, plaintiff demanded that defendants deliver the deed to parcel one pursuant to the MOU after he had made more than $60,000 in payments towards the principal balance of the sale price. We agree with Supreme Court that defendants breached the MOU when they failed to deliver the deed upon plaintiff’s demand. Further, we agree that, because defendants breached the MOU, defendants’ assertion that the April 2014 agreement or the August 2014 agreement was a novation necessarily fails as a defense (see Wasserstrom v Interstate Litho Corp., 114 AD2d at 954).
 

 Turning to plaintiff’s cross motion, “[t] o obtain summary judgment for specific performance of a real estate contract, [the movant] must demonstrate that he [or she] substantially performed his [or her] contractual obligations and was ready, willing and able to fulfill his [or her] remaining obligations, that defendant was able but unwilling to convey the property and that there is no adequate remedy at law” (Fallati v Mackey, 31 AD3d 879, 880 [2006] [internal quotation marks, brackets and citations omitted], lv denied 7 NY3d 711 [2006]). In our view, plaintiff met this burden by submitting uncontro-verted evidence that plaintiff resided on and made substantial improvements to parcel one, time was not of the essence under the MOU, he paid $60,000 towards the principal amount due within a reasonable time, he demanded that defendants transfer title to parcel one and defendants refused to comply. Further, plaintiff averred that despite defendants’ refusal to transfer the deed, he continued to make payments and improvements to the property.
 

 As set forth herein, defendants did not dispute any of plaintiff’s factual claims with regard to the payments paid pursuant to the MOU. Rather, defendants contend that the $60,000 in principal payments should have been allocated “to each of the three distinct properties” and that parcel one was to be transferred “with a mortgage of $40,000 remaining on it.” This is not consistent with the MOU, which provided that the purchase price of parcel one was $60,000, and that the mortgage represented “the remaining principal amount . . . having been spread over the other parcels,” and “in any case any parcel [would] be deeded and/or fully released of [the] mortgage lien upon the payment of the entire stated purchase price.” Because there is no factual dispute that plaintiff paid the entire purchase price stated for parcel one, we find that Supreme Court properly granted plaintiff’s motion for partial summary judgment as to parcel one.
 

 Peters, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with costs.