Shear Enters., LLC v Cohen (2020 NY Slip Op 07149)





Shear Enters., LLC v Cohen


2020 NY Slip Op 07149


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 154608/19 Appeal No. 12301 Case No. 2020-01394 

[*1]Shear Enterprises, LLC, Plaintiff-Respondent,
v
Sam Cohen, et al., Defendants-Appellants.


Heller Horowitz & Feit, P.C., New York (Eli Feit of counsel), for appellant.
Louis Fogel & Associates, New York (Louis Fogel of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about December 17, 2019, which denied defendants' CPLR 3211(a)(7) motion to dismiss the amended complaint, unanimously modified, on the law, to grant the motion to dismiss the cause of action for unjust enrichment, and otherwise affirmed, without costs.
The court properly denied defendants' motion to dismiss the cause of action for breach of contract. Contrary to defendants' contention, the complaint sufficiently alleges that plaintiff did not agree to a novation (see Griggs v Day, 136 NY 152, 160 [1892]; Wasserstrom v Interstate Litho Corp., 114 AD2d 952, 954 [2d Dept 1985]). In the original complaint, plaintiff made clear [*2]that it intended to recoup the original down payment and clarified in the amended complaint that it did not pay the additional $110,000 in order to relieve defendants of the obligation to repay the original down payment. On a motion to dismiss the complaint, we must accept plaintiff's allegations as true (Leon v Martinez, 84 NY2d 83, 87 [1994]).
The court also properly denied the motion to dismiss plaintiff's tortious interference claim against defendants Sam and Isaac Cohen, the owners of codefendant Tres Joli Accessories, Ltd. A claim of tortious interference with contract requires that four elements be pleaded: "(1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach; and (4) damages" (Foster v Churchill, 87 NY2d 744, 749-750 [1996]; Hoag v Chancellor, Inc., 246 AD2d 224, 228 [1st Dept 1998]). "To establish a corporate officer's liability for inducing a breach of a contract between the corporation and a third party, the complaint must allege that the officers' acts were taken outside the scope of their employment or that they personally profited from their acts" (Hoag, 246 AD2d at 228 [internal quotation marks omitted]). Here, plaintiff alleges that the Cohens, with the full knowledge that Tres Joli was out of business and unable to complete its orders, solicited cash down payments from plaintiff in order to enrich themselves by using the funds from plaintiff's down payments to reduce their personal guarantees to Tres Joli's factor. Thus, plaintiff alleges that, separate and apart from acting in the best interests of Tres Joli, the Cohens sought to personally profit by deceiving plaintiff and causing Tres Joli to breach its contract with plaintiff, without any legitimate business reason.
The court should not have dismissed the cause of action for fraud as duplicative of the cause of action for breach of contract. The gravamen of the allegations supporting the claim is not, as in Cronos Group, Ltd. v XComIP, LLC (156 AD3d 54, 62 [1st Dept 2017]), that defendants "made a promise while harboring the concealed intent not to perform it." Rather, plaintiff asserts that defendants misrepresented their very "ability to perform," an allegation that supports a non-duplicative fraudulent inducement claim (Man Advisors, Inc. v Selkoe, 174 AD3d 435, 435 [1st Dept 2019]). Defendants argue that, in any event, because the damages are the same under either theory, the fraud claim must give way. We hold that, under the circumstances, and given this early procedural stage of the action, plaintiff should be permitted to plead the cause of action in the alternative pursuant to CPLR 3014 (id.).
However, the court should have dismissed as duplicative the cause of action for unjust enrichment. That cause of action repeats the same allegations as the cause of action for breach of contract almost verbatim (see Ullmann-Schneider v Lacher & Lovell Taylor, P.C., 123 AD3d 415, 416 [1st Dept 2014).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020