## SPCH Multifamily Credit Ops 1 LLC v Construction Mgt. & Dev.- Cal., LLC

2025 NY Slip Op 31364(U)

April 17, 2025

Supreme Court, New York County

Docket Number: Index No. 655079/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**

*Justice*

PART   **11M**

-----------------------------------------------------------------------------X

SPCH MULTIFAMILY CREDIT OPS 1 LLC

Plaintiff,

- v -

CONSTRUCTION MANAGEMENT & DEVELOPMENT - CALIFORNIA, LLC,

Defendant.

-----------------------------------------------------------------------------X

INDEX NO.        655079/2024

MOTION DATE        12/09/2024

MOTION SEQ. NO.        001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for        DISMISSAL        .

Upon the foregoing documents, defendant's motion is granted in part.

## Background

This action arises out of a multifamily development project in Portland, Oregon. Riverbend Lending ("Riverbend") issued a loan (the "Loan") to West Coast Home Solutions ("Developer") for the build-out of the project. Then in June of 2021, Riverbend hired Construction Management & Development – California, LLC ("Defendant" or "CMD-California") to provide oversight and construction management services for the project, and the parties entered into a proposal agreement (the "Oversight Agreement") to that effect. According to the allegations in the complaint, in January of 2021, before Defendant was hired, Riverbend introduced Developer to Churchill Real Estate ("Churchill"), who at some unspecified time, and as a result of the relationship that grew out of the introduction, assumed the Loan. The Loan was then at some unspecified time assigned from Churchill to SPCH Multifamily Credit Ops 1 LLC ("Plaintiff").

**655079/2024   SPCH MULTIFAMILY CREDIT OPS 1 LLC vs. CONSTRUCTION MANAGEMENT & DEVELOPMENT - CALIFORNIA, LLC**
**Motion No.  001**

**Page 1 of 7**

[* 1]

Plaintiff alleges that Defendant, in the course of performing under the Oversight Agreement, failed to properly monitor site work actually completed, verify line items with the Developer, and miscalculated the buyout percentage formula. In September of 2023, the complaint alleges that Plaintiff retained another construction management firm and "terminated its relationship with Defendant." Plaintiff also alleges that if Defendant had notified them of the project cost overruns, they would have "taken remedial measures to control the budget or else cease funding the Project altogether" and that therefore they suffered damages as a result of "Defendant's negligently prepared reports and failure to oversee the Project." Plaintiff filed suit against Defendant in September of 2024, with claims for breach of contract, professional negligence, and unjust enrichment. Defendant brings the present pre-answer motion to dismiss.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

**Discussion**

Defendant moves to dismiss the complaint on two grounds: 1) that there is no personal jurisdiction over them and 2) that Plaintiff has no standing to bring their claims. For the reasons that follow, the first two causes of action are dismissed as Plaintiff has not established standing or privity of contract under the Oversight Agreement, and the motion to dismiss is denied as to

655079/2024   SPCH MULTIFAMILY CREDIT OPS 1 LLC vs. CONSTRUCTION MANAGEMENT & DEVELOPMENT - CALIFORNIA, LLC
Motion No.  001

Page 2 of 7

the third cause of action for unjust enrichment. The motion to dismiss for lack of personal jurisdiction is also denied with leave to renew after the close of jurisdictional discovery.

<u>*Personal Jurisdiction Discovery is Warranted*</u>

Defendant argues that they are not subject to personal jurisdiction in New York because they are a California entity that does not transact business in New York and the project in question is in Oregon. Defendant has not raised the issue of forum non conveniens dismissal. Plaintiff alleges that Defendant is subject to jurisdiction under CPLR § 302(a)(1), which grants a court jurisdiction over a non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state." This analysis is "primarily a fact-based inquiry that requires an assessment of whether the non-domiciliary's activities in the state were purposeful" and a court must examine the defendant's contacts closely for their quality. *State of New York v. Vayu, Inc.*, 39 N.Y.3d 330, 332 (2023). The burden is on the party seeking to establish jurisdiction to "present sufficient facts" to establish personal jurisdiction. *Coita (USA) Ltd. v. Lynn Steel Corp.*, 134 A.D.3d 483, 484 (1st Dept. 2015). Jurisdictional discovery may be warranted if a plaintiff's "pleadings, affidavits and accompanying documentation [make] a sufficient start to warrant further discovery on the issue of personal jurisdiction." *American BankNote Corp. v. Daniele*, 45 A.D.3d 338, 340 (1st Dept. 2007).

At the outset, there is some confusion over the fact that one of Defendant's officers, a Mr. Stay, is also an officer in a separate legal entity called CM&D Holdings, which is operated out of Hawaii, and which has a New York office. The factual allegations related to Defendant's business transactions in New York are that Mr. Stay met with Plaintiff's agents in New York City to discuss the building project, that fee invoices sent to Plaintiff direct any checks to be sent to a New York office, and that Defendant repeatedly took direction and payments from Plaintiff

655079/2024   SPCH MULTIFAMILY CREDIT OPS 1 LLC vs. CONSTRUCTION MANAGEMENT & DEVELOPMENT - CALIFORNIA, LLC
Motion No.  001

Page 3 of 7

3 of 7

[* 3]

that originated in New York. Defendant denies that the meetings in New York were to discuss the building project in question. A "solitary business meeting conducted for a single day in New York may supply the minimum contacts necessary to subject a nonresident participant to the jurisdiction of our courts." *Vayu*, at 336. When a party makes a sufficient start in demonstrating personal jurisdiction, as Plaintiff has here, denial of the motion to dismiss for lack of personal jurisdiction with leave to renew upon completion of jurisdictional discovery is proper. *Leili v. Romanello*, 173 A.D.3d 463, 463 (1st Dept. 2019).

### *Plaintiff Has Not Established Standing Under the Oversight Agreement*

Defendant has also moved to dismiss the complaint on the grounds that Plaintiff lacks standing. The complaint alleges that Plaintiff was assigned the Loan, but it does not allege that Plaintiff was assigned the Agreement that it seeks in this action to enforce. It does allege that after assuming the Loan, Defendant made monthly reports to Plaintiff who paid them monthly fees as per the terms of the Agreement. In their papers, Plaintiff alleges that there was a contract novation and that Defendant "clearly orally agreed" to such a novation. The parties dispute whether any such alleged oral agreement to a novation would fall under the purview of the Statute of Frauds. At the outset, Defendant's argument that the Statute of Frauds applies because the Oversight Agreement could not have reasonably be performed within a year fails as a misstatement of the Statute of Frauds requirements. Whether performance of the agreement within a year is likely or probably is irrelevant to the analysis. *Foster v. Kovner*, 44 A.D.3d 23, 26 (1st Dept. 2007). What matters is whether it was impossible that the agreement by its terms be performed in one year. *Id.* Here, there is no indication from the terms of the Oversight Agreement whether or not the construction monitoring could in no way be completed within a year, therefore the Statute of Frauds does not apply to this agreement.

[* 4]

But there are other issues with the novation argument. Oral novation is, indeed, possible under certain circumstances. *Wasserstrom v. Interstate Litho Corp.*, 495 N.Y.S. 2d 217, 218 (2nd. Dept 1985). But crucially, all elements of a novation must be present for it to be valid, and these elements include "a previous valid obligation, agreement of all parties to the new obligation, extinguishment of the old contract, and a valid new contract." *Id*. It also requires that "valuable consideration be given for the new contract." *Id*. Plaintiff's complaint does not allege that Riverbend agreed to the new obligation, that the old contract was extinguished, or that valuable consideration was exchanged. It is the party who seeks to establish that a novation occurred that bears the burden of "establishing that it was the intent of the parties to effect a novation." *Warberg Opportunistic Trading Fund L.P. v. GeoResources, Inc.*, 151 A.D.3d 465, 473 (1st Dept. 2017). Essential elements of a novation claim are missing from the complaint.

Furthermore, there are fundamental privity issues with Plaintiff's first two causes of action in the matter. These claims are based on the alleged breach of the Oversight Agreement, and not the Loan agreement that Plaintiff claims to have been assigned from Churchill. Plaintiff never alleges that they were assigned the *Oversight Agreement* by Riverbend, the original party listed on the Oversight Agreement. Nor do they allege that Churchill was assigned this separate agreement by Riverbend. They merely allege that they began to receive monthly reports from Defendant and that they paid Defendant. The allegations pled in the complaint regarding the Loan assignments do not impact who is a party to the Oversight Agreement that Plaintiff seeks to enforce. Privity is necessary to enforce a contract, and allegations that a nonparty to the contract "dealt directly with [one of the parties] and exercised control over the project are insufficient to allege the functional equivalent of privity." *Tutor Perini Bldg. Corp. v. Port Auth. of N.Y. & N.J.*, 191 A.D.3d 569, 570 (1st Dept. 2021). The First Department has explained that to find privity in

655079/2024   SPCH MULTIFAMILY CREDIT OPS 1 LLC vs. CONSTRUCTION MANAGEMENT &        Page 5 of 7
DEVELOPMENT - CALIFORNIA, LLC
Motion No.  001

5 of 7

such a scenario would "greatly expand the circumstances where nonparties to contracts would be at risk of being bound to the agreements of others [and the] uncertainty that would ensue is anathema to commercial relationships." *Id*., at 571. Plaintiff has not alleged privity to the Oversight Agreement that forms the basis for the first two causes of action, and therefore has failed to establish standing for said claims.

### *The Unjust Enrichment Claim Is Adequately Pled*

Plaintiff does, however, allege that they paid Defendant the amounts stipulated in the Oversight Agreement and that they in turn received the monthly reports that were also stipulated in the Oversight Agreement. They also allege that without the actions of Defendant, they would not have continued to fund the project and thus also continue paying Defendant monthly. To state a claim for unjust enrichment, a plaintiff must "show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). All of these elements are present in the complaint. Furthermore, an unjust enrichment claim does not require privity between the parties. *Id*. Defendant has not met their burden on the motion to dismiss the claim for unjust enrichment, and dismissal of this claim would be improper. Accordingly, it is hereby

ADJUDGED that defendant's motion to dismiss for lack of personal jurisdiction is denied without prejudice to renewal; and it is further

ORDERED and ADJUDGED that defendant's motion to dismiss the first two causes of action from the complaint is granted and those causes of action are hereby dismissed; and it is further

**655079/2024   SPCH MULTIFAMILY CREDIT OPS 1 LLC vs. CONSTRUCTION MANAGEMENT &**
**DEVELOPMENT - CALIFORNIA, LLC**
**Motion No.  001**

**Page 6 of 7**

6 of 7

[* 6]

ADJUDGED that defendant's motion to dismiss the third cause of action is denied; and it is further

ORDERED defendants shall answer or refile their motion to dismiss within 90 days from the date of service of this Order with notice of entry; and it is further

ORDERED that plaintiff shall have 60 days from the date of service of this Order with notice of entry to conduct jurisdictional discovery; and it is further

DECLARED if any of the defendants waive their personal jurisdiction argument, such waiver shall act to nullify their need to participate in jurisdictional discovery.

20250417104400LFRANK0B59E7BECCCF495991094FA77136B3AD

__4/17/2025__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 7]